Jesus **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 62745.

Court of Criminal Appeals of Texas, Panel No. 2.

April 21, 1982.

Tomas Garza, Lubbock, for appellant.

John T. Montford, Dist. Atty. and Richard L. Howell, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and CLINTON and TEAGUE, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving while intoxicated, where the court assessed punishment at thirty (30) days' imprisonment and a $100.00 fine, probated.

In appellant's sole ground of error he multifariously contends that the court erred in admitting into evidence testimony of the administration of a breathalyzer examination and the results because 1) he was not informed that the examination or its results could or would be used against him in court and 2) he did not consent to the examination voluntarily.

We will first address appellant's contention that he did not voluntarily consent to the breathalyzer examination.

Officer Daniel Matteson of the Department of Public Safety testified that on November 12, 1978 he and officer James Walker stopped appellant for driving while intoxicated. After determining that he believed appellant was legally intoxicated, Matteson placed appellant under arrest. Neither Matteson nor Walker ever gave appellant the *Miranda* warnings.

Upon reaching the sheriff's office Matteson testified outside the presence of the jury that he informed appellant that if he did not take the breathalyzer test then he would lose his driver's license for up to one year; that if appellant failed the test that he would be charged with driving while intoxicated and that if he passed the test that he would be issued a traffic citation and released. Appellant then voluntarily consented to taking the breathalyzer test.

The appellant also took the stand in his own defense and no testimony was elicited from him as to whether he voluntarily consented to taking the breathalyzer test.

Consent, however, is presumed under Article 6701*l*–5, § 1, V.A.C.S. Article 6701*l*–5, § 1, supra, provides that any person who operates a motor vehicle upon a public highway in Texas is deemed to have given his consent to a chemical test of his breath if he is arrested for an offense allegedly committed while he was driving a motor vehicle under the influence of intoxicating liquor.

Aside from the statutory presumption of consent, the evidence is uncontroverted that

appellant voluntarily consented to the breath test.

■ Appellant also contends that the failure to give him the *Miranda* warnings prior to taking the breath test precluded the admission of any testimony concerning the test or its results.

In holding handwriting exemplars admissible, *Olson v. State*, 484 S.W.2d 756 (Tex. Cr.App.1969), held that the scope of the privilege against self-incrimination in Article I, § 10 of the Texas Constitution, is identical to that of the Fifth Amendment of the United States Constitution, and that state constitutional provision affords the same but no greater rights than the federal constitutional provision. *Olson*[1] made clear that there was no state constitutional barrier to subjecting an accused, without his consent, to a chemical test for intoxication, if taken under conditions which comport with due process.

We hold that the taking of the breathalyzer test is not a testimonial communication that Article I, § 10, Texas Constitution, or the Fifth Amendment, United States Constitution, seek to protect. Therefore, the failure to give appellant the *Miranda* warnings or the statutory warnings in Article 38.22, V.A.C.C.P., does not preclude evidence of the breath test and its results where there is no evidence that appellant refused to take the breath test.

The judgment is affirmed.

TEAGUE, J., dissents.

[1]. *Olson* in effect made *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), applicable to Texas. In *Schmerber v. California*, supra, the United States Supreme Court held admissible the evidence of the results of a test for blood alcohol content made upon a blood sample drawn from the defendant without his consent. The Court reasoned that the Fifth Amendment extends only to *testimo-* nial communications from a defendant, not to real or physical evidence. The Court concluded, "Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds."