**Eduardo Ignacio GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–86–097–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 19, 1987.

J. Gray Trichter, Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Dist. Atty., Kathlyn Giannaula, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Appellant was convicted on a plea of guilty of the offense of driving while intoxicated. Punishment was assessed at thirty days in jail, probated for two years, and a fine of $150.00. Appellant raises four points of error on appeal challenging the trial court's adverse ruling on his motion to suppress the post-arrest videotape made of appellant and the results of the intoxilyzer test. We affirm.

Appellant was arrested for suspicion of driving while intoxicated. He was taken into a videotaping room. There he was read his legal warning: that he had the right to remain silent, that any statement he made could be used against him, that he had the right to a lawyer to advise him prior to and during any questioning and that he could terminate the interview at any time. Appellant asked to consult with an attorney. He was permitted to call his attorney from the videotaping room. During the telephone conversation, three police officers remained in the room and appellant's portion of the conversation was recorded. Appellant asked if his attorney could call him back and a police officer told him they could not accept in-coming calls. The officer told him to make his conversation brief, that what he needed to discuss with his lawyer was whether he should participate in the motor skill exercises, whether he should answer any questions and whether he should submit to an intoxilyzer test. The appellant was told several times to keep the conversation short. He was finally told that he had only two minutes left. Appellant terminated the conversation. He then consented to perform the motor skills exercises, answered questions and consented to the intoxilyzer test. The result of the intoxilyzer test indicated a breath-alcohol concentration of 0.18 percent. The audio portion of the videotape was suppressed by the trial court.

In his first three points of error appellant complains that the trial court erred in admitting the video portion of the videotape, demonstrating his performance on the motor skills exercises and the results of the intoxilyzer test alleging that both were the product of an illegal custodial interrogation under the Fifth and Fourteenth Amendments and under Article I, Section 10 of the Texas Constitution. In support of his contentions appellant cites *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *Jamail v. State*, 713 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1986, pet. pending).

In *McCambridge v. State*, 712 S.W.2d 499 (Tex.Crim.App.1986), the Court of Criminal Appeals, relying on *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1969) and *Rodriguez v. State*, 631 S.W.2d 515 (Tex.Crim.App.1982), held that providing a breath sample for chemical analysis of alcohol concentration is not a testimonial communication which is protected by the privilege against self-incrimination under the Fifth Amendment to the United States Constitution. *See* 712 S.W.2d at 506–507. In *McCambridge*, a driving while intoxicated suspect was unsuccessful in his attempt to contact his attorney. *See* 712 S.W.2d at 500. After the police ignored his repeated requests for an attorney he consented to the intoxilyzer test. *See* 712 S.W.2d at 501. Police officers are not required to give a suspect *Miranda* warnings prior to asking him to provide a breath sample. *See* 712 S.W.2d at 506–507. The court found that McCambridge had no remedy under *Edwards* and *Miranda*. *See* 712 S.W.2d at 506–507. Appellant argues that *McCambridge* may be distinguished because the court limited its holding to the facts of the case. *See* 712 S.W.2d at 507, fn. 18. In *McCambridge*, the court, with regard to the issues before it, stated that: "A different question might be presented if the police officer, in ignoring appellant's request for counsel under *Miranda*, had mixed his request for a breath sample with questions that amount-

ed to interrogation." 712 S.W.2d at 506, fn. 17.

Appellant argues that the facts of his case fall within the above quoted exception to the holding in *McCambridge*. A review of the record reveals that appellant's claim is without merit. The officers did not ignore his request for an attorney and they did not mix their request for a breath sample with questions that amounted to interrogation. Appellant was advised before any questioning that he would be requested to perform motor skills exercises, to answer questions, and to submit to a breath test. He was then permitted to telephone his attorney. At his attorney's request a police officer explained the consequences of refusing or agreeing to perform the exercises and of refusing or taking the intoxilyzer test. The police officer explained that appellant could only have his attorney present during questioning and that they could not wait for his attorney to allow him to be present during the exercises or the intoxilyzer test. Appellant then consented to perform the motor skills exercises. After the exercises were completed the officer reminded appellant of his legal warning and appellant voluntarily answered the officers questions. The answers to those questions were suppressed by the trial court as part of the audio portion of the videotape. Then the officer read to appellant the statutory warning required by Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 2(b) (Vernon Supp.1986), and asked if he understood the warning. Appellant responded by asking what role his attorney could play and the officer informed him that his attorney could only advise him whether or not to take the test. Appellant then consented to the intoxilyzer test.

The conduct of the police did not involve a mixing of the request for a breath sample with questions that amounted to interrogation. There was no coercion by the police. Appellant's acts were voluntary and there is no indication that he was confused. This case does not come within the exception noted in *McCambridge*.

Appellant also argues that the holding in *Jamail v. State*, 713 S.W.2d 776, 779 (Tex.

App.—Houston [14th Dist.] 1986, pet. pending), requires that the breath test and videotape be suppressed. In *Jamail,* this court distinguished *McCambridge,* stating: "Under the facts of this case, we are unable to separate the wrongful custodial interrogation from the consent for a breath or blood sample." *Jamail v. State,* 713 S.W.2d at 770. We have determined that the *McCambridge* decision is controlling in this case. Appellant voluntarily answered questions after being informed of his rights and after being permitted to telephone his attorney. Appellant's consent to perform the exercises and to take the breath test was knowing and voluntary. *Jamail* is not applicable. We conclude that the admission of the results of the intoxilyzer test did not violate appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

■ We also hold that appellant's Fifth and Fourteenth Amendment rights were not violated by admission of the video portion of the videotape. It has been held in Texas that videotaped recordings of a driving while intoxicated suspect are non-testimonial and their admission into evidence does not involve a defendants rights against self-incrimination under the Fifth and Fourteenth Amendments. *See Housewright v. State,* 154 Tex.Cr.R. 101, 225 S.W.2d 417, 418 (1949) and *Delgado v. State,* 691 S.W.2d 722, 723–724 (Tex.App.— San Antonio 1985, no pet.) The videotape is similar in character to the breath test results and thus under *McCambridge,* appellant's federal constitutional rights are not violated by their admission. *See McCambridge,* at 507–508.

Appellant further claims that the admission of the breath test results and the videotape violated his rights under Art. I Sec. 10 of the Texas Constitution. The Court of Criminal Appeals held in *Rodriguez v. State,* 631 S.W.2d 515, 517 (Tex. Crim.App.1982), that the taking of a breathalizer test is not a testimonial communication that Article I, Section 10, of the Texas Constitution or the Fifth Amendment to the United States Constitution seek to protect. The videotape of the motor

skills exercises is of the same character as the intoxilyzer test results, therefore we conclude that appellant's rights under Article I, Section 10 are not greater than those under the Fifth and Fourteenth Amendments. Appellant's first three points of error are overruled.

In his fourth point of error appellant claims that the trial court erred in admitting the results of the intoxilyzer test over his objection when the proper predicate had not been established by the state.

In *Cody v. State,* 548 S.W.2d 401 (Tex. Crim.App.1977), the court described the predicate which must be laid before the results of a breath test may be introduced into evidence: (1) the use of properly compounded chemicals; (2) the existence of periodic supervision over the machine by one who understands scientific theory of the machine; (3) proof of the result of the test by a witness qualified to translate and interpret such result so as to eliminate hearsay. *Id.* at 404.

In his written motion to suppress appellant argued that the operator of the intoxilyzer was incompetent, that the chemicals were improperly compounded and the operator was not under reasonable periodic supervision. He also alleged that the result of the intoxilyzer was invalid because the test did not conform to the Texas Chemical Breath Testing Regulations promulgated by the Texas Department of Public Safety. The record indicates that no evidence was presented on the portion of the motion to suppress complained of on appeal and that appellant never secured a final ruling on that portion of the motion to suppress. The trial court indicated, at the time of the motion hearing, that he did not have enough information before him to rule on the merits of the motion and indicated that he would consider the motion at trial. The prosecutor stated that appellant's evidentiary claims on the validity of the intoxilyzer test results would be addressed at trial.

■ The Court of Criminal Appeals has held that a pre-trial motion to suppress, supported by evidence, is sufficient to preserve error on appeal. *See Writt v. State,* 541 S.W.2d 424, 426 (Tex.Crim.App.1976)

(qualifying the holding in *Riojas v. State*, 530 S.W.2d 298 (Tex.Crim.App.1975)). The court has also found that oral pre-trial motions to suppress, unsupported by evidence, do not preserve error on appeal when no timely objection is voiced to the admission of the evidence sought to be suppressed at trial on the merits. *See Ross v. State*, 678 S.W.2d 491, 493 (Tex.Crim.App.1984). We believe the rule stated in *Ross v. State* is properly applicable to the facts of appellant's case. Although a written motion to suppress was filed appellant offered no evidence to support his allegations. Additionally, the trial court indicated that it would consider appellant's objections if raised during the trial on the merits:

> THE COURT: for the purpose of the motion to suppress I am ruling it all admissible. On the case in chief it may be something else.

This case involved a plea of guilty pursuant to a plea bargain agreement. Therefore, no further objection was raised to the admission of the breath test. Appellant's fourth point of error is overruled.

The judgment is affirmed.

ROBERTSON, Justice, concurring.

I concur in the judgment affirming the conviction. However, I believe that addressing the merits of the issues appellant presents in this appeal violates the time honored principle that courts do not academically determine issues not necessary to the disposition of a case, nor issue advisory opinions. As the supreme court stated in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968): "The issue is not the abstract propriety of the police conduct, but the admissibility against [appellant] of the evidence."

Prior to trial appellant filed various motions, including:

1. DWI Motion to Suppress;
2. Motion to Produce Exculpatory and Mitigating Evidence;
3. Motion to Require Witness Statements be Made Available for Cross-Examination;
4. Motion to Shuffle Jurors;
5. Motion to Permit Counsel for Defendant to Make Opening Argument Prior to State's Case in Chief;
6. Motion to Direct Court Reporter to Record Specified Testimony;
7. Motion to Compel Election;
8. Accused's Motion for Discovery in DWI Prosecution;
9. Motion for Copies of Court's Charge to be Made Available to Each Member of the Jury;
10. Motion to Allow Jurors to Take Notes; and
11. Motion for Extension of Voir Dire Time.

A careful examination of the record reveals that the only motion the trial court attempted to rule upon was the DWI Motion to Suppress. In that motion appellant requested the court to suppress: (1) the post-arrest audio and video recorded interview between appellant and the police officers, and (2) the chemical test for intoxication. During a very brief proceeding before the trial court in which both appellant and the state were seeking to solidify the court's ruling on the motion, the following occurred:

> MR. TRICHTER (appellant's counsel): For the record, if I may, specifically, we are complaining about the introduction of the breath-test, evidence of the breath-test, the result. We are complaining about the introduction of the video-tape that the—is 'State's Exhibit Numbers One and Two'. After the time Mr. Garcia hangs up the telephone wherein the video-tape, it's clear he just finished talking to his counsel, Ron Norwood. Further, we object to any statements made by Mr. Garcia after he invokes his right to have an attorney. Further, we also object to any observation of the officer with reference to the video-taped exercises after he invoked his right to the presence of counsel.
>
> THE COURT: Your objections are overruled.
>
> MS. HAYDEN (state's counsel): For the record, any of these—substance of the motion he has presented in his motion involving the intoxilyzer will be ad-

dressed at trial if they come up again. As far as the introduction of the intoxilyzer result.

THE COURT: Okay. Is it—it's the Court's the Court will now rule upon or already ruled upon the admissability [sic] of the defendant. For the purpose of the motion to supress I am rulling [sic] it all admissable [sic]. On the case in chief it may be something else.

MR. TRICHTER: The problem—I don't know how to voir dire the jury unless you tell me which statements are supressed [sic] and those which are not supressed [sic].

THE COURT: Alright. In all probability I will rule that all of the audio will be—will not be admitted. None of the audio will be permitted after he exercised his right to the attorney. All of the video will be. Does that answer your question?

MR. TRICHTER: What the Court is saying the entire vieo [sic] 'State's Exhibit Number One and Two' will admitted into evidence. The video and not the audio. That would also include the showing of him, Garcia, doing exercises?

THE COURT: Yes.

MR. TRICHTER: Does the Court's ruling also including [sic] the statement made by the defendant prior to the video being made?

THE COURT: You're talking about statements made on the video?

MR. TRICHTER: Of the video-tape.

MS. HAYDEN: At the scene.

MR. TRICHTER: At the scene where he requests counsel.

THE COURT: I don't have enough on that to rule. If its shown that it was made while under arrest and maybe not res gestae maybe I will deny them.

MR. TRICHTER: I understand, Your Honor. The motion itself is more broad than what you have just ruled upon. There's also an argument made in the motion with reference to an unreasonable search and seizure.

MS. HAYDEN: No evidence has been presented to that particular part of the motion.

MR. TRICHTER: We would agree there hasn't been.

THE COURT: I can't rule on that at this time.

MR. TRICHTER: We would as [sic] the Court for a ruling on that.

THE COURT: Well, it's denied. Anything else?

MR. TRICHTER: The defendant has nothing further, Your Honor.

MS. HAYDEN: The State has one other position if this is just raised at trial in regards to the statement made by the defendant outside the video. Is the Judge holding now you will wait until trial and more evidence is presented on that issue?

THE COURT: At this time it is not admissable or anything else. You will have to hear the facts at that time in order to make a ruling.

MS. HAYDEN: The State has nothing further.

THE COURT: Does that solve everything for today?

MR. TRICHTER: I think it does, Your Honor. I'd like a little time to speak with my client and see what his feelings are, now.

THE COURT: Okay.

Subsequently, appellant entered a plea of guilty and punishment was assessed in accordance with a plea bargain agreement. No evidence, even that which the court refused to suppress, was adduced before the court.

Based upon the above proceeding I have difficulty in finding that the ruling of the trial court was definitive and final, thereby authorizing our review. However, since the state does not challenge it, I will assume the ruling sufficient and address what I consider to be the more basic issue: Whether this court should address the merits of appellant's contentions.

The information in this cause contained two paragraphs. The first charged the offense by reason of appellant "not having the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body" and the second

charged the offense by reason of appellant "having an alcohol concentration of at least 0.10 in his breath."

Thus, even if the trial court had granted appellant's motion and suppressed all of the video interview and the results of the chemical test, the state still could have proceeded to trial and secured a conviction on the first paragraph of the information.

During oral argument appellant's counsel forcefully maintained that Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979) places no restriction upon what "matters which have been raised by written motion filed prior to trial" are appealable. Counsel further argued that there is no requirement that the motion be dispositive of the case. He then asserted that even though appellant entered a plea of guilty and no trial resulted, an adverse ruling on any of the pre-trial motions, even the motions concerning selection of the jury and trial procedure before the jury, would be appealable. I do not agree. Article 44.02 is not to be so broadly interpreted.

While the court of criminal appeals has never been presented with this exact issue, it has recognized that one of the purposes of article 44.02 "is to encourage guilty pleas where a search and seizure (or other pre-trial motion) is the *only matter that the defendant wishes to pursue.*" *Isam v. State,* 582 S.W.2d 441 (Tex.Crim.App.1979) (emphasis added). Certainly, article 44.02 was not intended to be the vehicle by which an accused can appeal an adverse ruling on *any* motion filed prior to trial. If the law was as broad as appellant contends the court could not have reached the result it did in *Ferguson v. State,* 571 S.W.2d 908 (Tex.Crim.App.1978). There, in addressing an adverse ruling on a pre-trial motion to suppress evidence the court relied upon its reasoning in *Stiggers v. State,* 506 S.W.2d 609 (Tex.Crim.App.1974) and held: "Where no evidence obtained as a result of the search is introduced into evidence, no error with respect to such search is presented for review." [1]

I believe the recent unanimous opinion of the court of criminal appeals in *McGlynn v.*

State, 704 S.W.2d 18 (Tex.Crim.App.1986) (en banc) dictates the result we should reach in this case. There, an appellant also asserted error in the trial court's denial of her motion to suppress evidence. However, the court pointed out that the "record in this case simply does not show that anything the officer seized was methylphenidate, much more than it was the same methylphenidate, to which she pleaded guilty to possessing." The court then concluded: "unless and until we are confident about what fruits of a search have somehow been used, the Court need not decide whether the search was constitutionally permissible."

This same rationale should apply here. Unless and until it is shown that the evidence sought to be suppressed was essential to, and was used, or would be used, in the resulting trial, the appellate court need not determine whether the trial court ruling was erroneous. To hold to the contrary would leave this court academically to determine non-issues and that is not the intent of article 44.02. Accordingly, we should hold that in order to appeal a ruling on a motion filed prior to trial under the provisions of article 44.02, the ruling complained of must be on a motion that, if granted, would have disposed of the case.

I concur in the judgment affirming the conviction.

**1.** While a portion of *Ferguson* has been subsequently overruled by *Morgan v. State,* 688 S.W.2d 504 (Tex.Crim.App.1985), this rule was left intact.