Edward Ross **LOONEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–87–017–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1988.

---

Dan B. Gerson, Houston, for appellant.

John B. Holmes, Jr., Lynne W. Parsons, Alex Azzo, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Edward Ross Looney, appeals from a conviction for the misdemeanor offense of driving while intoxicated (DWI). Trial was to the court. Appellant pled no contest in exchange for an agreed sentencing recommendation by the State, with the understanding he could appeal the court's denial of his pretrial motion to suppress the result of an intoxilyzer (breath) test. The court found appellant guilty and assessed punishment at 120 days, probated for two years, together with a $400 fine. We affirm the judgment as modified.

In two points of error, appellant argues the trial court erred by failing to suppress the intoxilyzer test results, and by accepting his no contest plea. The State asks us to correct an error in the judgment.

Appellant was formally charged with DWI in a two paragraph information dated August 23, 1986. The first paragraph alleged he was intoxicated, the second alleged his breath alcohol concentration was "at least 0.10" (ten percent). Pasadena police had taken him to a videotaping room at police headquarters shortly after they arrested him. There they videotaped the events which preceded filing of formal

DWI charges. The record shows the following sequence of events.

On arrival at the video room, Pasadena Police Officer Deringer warned appellant of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After reciting each warning, Deringer asked appellant if he understood his rights. When asked if he understood his right to consult an attorney, appellant apparently stated "I advise to make a call" or "I request to make a call," although the videotape is not entirely clear. When Deringer again asked appellant if he understood his rights, appellant indicated he did. He then agreed to perform certain motor skills tests and a reading test. When Deringer reminded appellant of his *Miranda* warnings, he indicated he remembered them.

Prior to asking appellant to submit to an intoxilyzer test, Deringer warned appellant pursuant to Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 § 2(b) (Vernon Supp.1988) [hereinafter "Article 6701*l*–5 § 2(b)"]. Deringer and appellant apparently had a discussion concerning his right to counsel as it related to the intoxilyzer test. Following the discussion appellant consented to take the intoxilyzer test, although he indicated he felt his attorney would advise him not to. Appellant was formally charged after he took the test.

The trial court held a pre-trial hearing on appellant's motions to suppress the audio portion of the videotape and the results of the intoxilyzer test. The court admitted the videotape as Defendant's Exhibit One. When appellant asserted he had invoked his right to counsel while being videotaped, the court suppressed the oral portion of the tape "from the point where the defendant invoked his right of counsel," but did not view the tape. The court refused to suppress the intoxilyzer results. The State then abandoned the first paragraph of the information and the case proceeded to trial on the sole theory that appellant's breath contained at least ten percent alcohol at the time of his arrest.

■ We address appellant's second point of error first. Appellant asserts the trial court should not have accepted his no contest plea, pursuant to which he understood he had preserved review of his pre-trial motion to suppress the intoxilyzer test results. Appellant postulates that if this court should find he failed to preserve the right to appeal from denial of his pre-trial motion to suppress, his no contest plea was neither knowingly nor intelligently entered.

Because appellant entered into a plea bargain agreement with the State, and because the trial court assessed punishment consistent with that agreement, appellant preserved his right to urge his first point of error challenging the trial court's denial of his pre-trial motion to suppress. Tex. Code Crim.Proc.Ann. art. 44.02 (Vernon 1979) [hereinafter "Article 44.02"]; *Statman v. State,* 740 S.W.2d 464, 465 (Tex. Crim.App.1987); *Johnson v. State,* 722 S.W.2d 417, 418 (Tex.Crim.App.1986) (en banc) (opinion on appellant's motion for rehearing).

It is true that this case involves a misdemeanor plea of no contest, following which it was proper for the trial court to convict appellant without hearing any evidence. Tex.Code Crim.Proc.Ann. art. 27.14(a) (Vernon Supp.1988). Yet appellant's right to appeal denial of his pre-trial motion survived his no contest plea notwithstanding the misdemeanor nature of the charges against him. *See Crump v. State,* 711 S.W.2d 56, 57–8 (Tex.App.—Houston [14th Dist.] 1986, no pet.) (opinion on motion for rehearing). As this Court explained in *Crump, Isam v. State,* 582 S.W.2d 441, 444 (Tex.Crim.App. [Panel Op.] 1979), assures a defendant the same right to appeal from pre-trial motions to suppress in a misdemeanor case as in a felony case, provided that compliance with Article 44.02 has occurred, notwithstanding the court's statutory right to enter judgment based solely on the plea without hearing any evidence. *Crump,* 711 S.W.2d at 57–58.

Furthermore, the record shows that the State abandoned its simple DWI theory and

proceeded to try appellant for driving with a breath alcohol concentration of at least ten percent. Consequently, the intoxilyzer test results are clearly dispositive of his case. Because appellant seeks review of the trial court's failure to suppress dispositive evidence, he provides an additional basis for our finding he has properly invoked the jurisdiction of this court. *See Statman,* 740 S.W.2d at 466; *Garcia v. State,* 726 S.W.2d 231, 237 (Tex.App.—Houston [14th Dist.] 1987, no pet.) (Robertson, J., concurring). *Compare McGlynn v. State,* 704 S.W.2d 18 (Tex.Crim.App.1986) (en banc) (opinion on State's motion for rehearing) (in absence of showing that evidence seized was dispositive of case, Court of Criminal Appeals would not decide whether search recovering evidence was constitutionally permissible, notwithstanding appellant's having satisfied jurisdictional requirements of Article 44.02).

Appellant has never disputed the results of the intoxilyzer test. His sole contention is that the police violated his rights before he took the test. *See McCambridge v. State,* 712 S.W.2d 499, 501 & n. 7 (Tex. Crim.App.1986) (en banc). Our Court of Criminal Appeals has expressly held that one purpose of Article 44.02 is to encourage guilty pleas when a defendant seeks appellate review of precisely the type of matter which appellant raises here. *Isam,* 582 S.W.2d at 444. Because appellant preserved his right to appeal from denial of his motion to suppress, and because the evidence he sought to suppress is dispositive of his case, we find no merit in his contention that the trial court should not have accepted his no contest plea in that it was neither knowingly or intelligently entered. We overrule appellant's second point of error and turn to the merits of his appeal.

In his first point of error, appellant argues the trial court improperly denied his pre-trial motion to suppress his intoxilyzer test results. He contends he requested counsel after Officer Deringer gave him *Miranda* warnings and again following his Article 6701*l*–5 § 2(b) warning. He maintains the intoxilyzer test is the fruit of an unlawful interrogation and therefore violates the fifth amendment proscriptions of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), *Ochoa v. State,* 573 S.W.2d 796 (Tex.Crim.App.1978) (en banc), and this Court's opinion in *Jamail v. State,* 713 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1986, pet. granted). We disagree.

Our Court of Criminal Appeals recently decided *Jones v. State,* 742 S.W.2d 398 (Tex.Crim.App.1987) (en banc), where the State sought discretionary review following reversal of a DWI conviction by the Eastland Court of Appeals. Based on the accused's having requested an attorney while in custody, the court of appeals had found it was reversible error for the trial court to deny a motion to suppress the audio portion of a videotape made at the jail following arrest. The court of appeals based its decision on the fifth amendment protections which *Miranda* and *Edwards* guarantee an accused. The Court of Criminal Appeals, which also grounded its decision on the fifth amendment, agreed with the appellate court's determination that the appellant had requested an attorney. *Jones,* 742 S.W.2d at 406. The court then concluded she was "in custody," and therefore entitled to all the rights assured by *Miranda* and *Edwards. Id.* The *Jones* court vacated the decision of the court of appeals however, and remanded the case to that court with instructions to review the videotape to determine whether the police questioning amounted to "custodial interrogation" under *Miranda. Jones,* at 407, citing *Rhode Island v. Innis,* 446 U.S. 291, 300–02, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980).

Unlike *Jones,* the instant case is an appeal from denial of a motion to suppress intoxilyzer results rather than the audio portion of a videotape. We nonetheless conclude that a portion of the *Jones* opinion controls our review here, since Judge Clin-

ton referred expressly to issues left open after his court's *McCambridge* opinion, which, like the case before us, did involve an allegedly erroneous failure to suppress intoxilyzer results. *Jones*, 742 S.W.2d at 400, 403. Judge Clinton distinguished *McCambridge* on that basis, but indicated that the appellant in *Jones* had perhaps presented the sort of *Miranda* violation the court referred to in a *McCambridge* footnote. *Jones*, 742 S.W.2d at 402, citing *McCambridge*, 712 S.W.2d at 506 n. 17. Judge Clinton based his observation on the *Jones* appellant's allegations that the police ignored her request for counsel and then wrongfully interrogated her. *Id.*

We find that *Jones* establishes a three-part approach to certain allegations of *Miranda* and *Edwards* violations when a defendant appeals from denial of a pre-trial motion to suppress either the audio portion of a videotape or intoxilyzer test results in a DWI case. The approach will lie when an accused can show he was in custody and requested an attorney after being informed of his right to consult an attorney pursuant to *Miranda*. *Jones*, 742 S.W.2d at 402–03, 406. If he establishes the foregoing, an accused must next establish that custodial interrogation occurred by showing either express questioning, or words or actions by the police such as would reasonably lead the police to believe that incriminating responses from the suspect would result. *Jones*, 742 S.W.2d at 407, citing *Rhode Island v. Innis*, 446 U.S. at 300–02, 100 S.Ct. at 1689–90. In defining custodial interrogation, the *Jones* court carefully distinguished questioning normally incident to arrest and custody. *Jones*, 742 S.W.2d at 407. If an accused can establish that custodial interrogation occurred, incriminating evidence resulting from that interrogation should be suppressed as a violation of the accused's fifth amendment rights. *Id.*; *McCambridge*, 712 S.W.2d at 506 n. 17.

We note the narrowness of the *Jones* approach: it does not remove the established concept that an accused can waive his request for counsel. *See, e.g., Jones*, 742 S.W.2d at 405–06. Moreover, the opinion is limited, as is the case before us, to

fifth amendment concerns. *Jones* will apply only when an accused is in custody, requests counsel, and is subsequently subjected to custodial interrogation. *See Jones*, 742 S.W.2d at 402–03, 406. As such, *Jones* refines *McCambridge* without changing either its basic principles or those enunciated in *Forte v. State*, 707 S.W.2d 89 (Tex. Crim.App.1986) (en banc).

The Court of Criminal Appeals determined the appellant in *Jones* was "in custody," as defined by *Miranda* and *Edwards,* because the police arrested her, took her to a video room, and gave her a *Miranda* warning. *Jones*, 742 S.W.2d at 406. We hold the appellant in the instant case was likewise in custody because the Pasadena police followed an identical procedure.

In determining whether the *Jones* approach is proper in the case before us, the next step is to ascertain whether appellant requested counsel immediately following his *Miranda* warning. Because both he and the State offer differing versions of what he actually said to Officer Deringer at that time, we ordered the trial court to provide us with the videotape made following arrest, in keeping with the recommendations of the Court of Criminal Appeals in *Jones*, 742 S.W.2d at 401 n. 4.

On viewing the videotape, we conclude, based on a totality of the circumstances, that appellant did not request an attorney after Officer Deringer informed him he had a right to do so. *See Collins v. State*, 727 S.W.2d 565, 568 (Tex.Crim.App.) (en banc), *cert. denied,* —— U.S. ——, 108 S.Ct. 284, 98 L.Ed.2d 244 (1987). We were as unable as appellant and the State to discern whether appellant said "I advise" or "I request" concerning making a telephone call. Neither version is dispositive, however.

Appellant overlooks a threshold inquiry in any case in which an accused seeks to exclude evidence obtained after police have informed him of his right to counsel. That initial inquiry addresses the question whether he actually requested an attorney in order to speak only through counsel.

*See Smith v. Illinois,* 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984); *Russell v. State,* 727 S.W.2d 573, 575 (Tex.Crim.App. 1987) (en banc); *Massengale v. State,* 710 S.W.2d 594, 597 (Tex.Crim.App.1986) (en banc). We evaluate that inquiry based on the totality of circumstances surrounding the alleged request for an attorney. *Collins,* 727 S.W.2d at 568. Thus, appellant's failure to use the terms "lawyer" and "attorney" is immaterial. *Id.* However, although appellant's statement followed immediately after Officer Deringer informed him of the right to consult a lawyer, the mere close proximity of his statement to the officer's warning will not of itself establish a request for an attorney. *Id.* We conclude that appellant's vague reference to "a call" failed to sufficiently apprise Officer Deringer that he wanted to speak, from that instant forward, only through a lawyer.

Appellant has failed to establish that he asked for an attorney following his *Miranda* warning at the beginning of the videotape. Consequently, the *Jones* three-pronged approach does not apply. As we have indicated, the *Jones* analysis is proper only when an accused can establish that he actually requested an attorney while in custody. *Jones,* at 402–03.

Because he failed to show he requested an attorney immediately following the *Miranda* warning, appellant improperly relies on this court's opinion in *Jamail v. State,* 713 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1986, pet. granted), a DWI case where we concluded the police had wrongfully interrogated an accused in custody. In that case however, we found the police ignored the accused's clear request to call his attorney, and persisted with coercive questioning. *Jamail,* 713 S.W.2d at 778–79. Appellant's behavior following his *Miranda* warning in the instant case resembles much more that of the appellant in *Garcia v. State,* 726 S.W.2d 231 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Like Garcia, appellant voluntarily answered routine questions and agreed to perform motor

skills test and a reading test, without again referring to his right to consult a lawyer or otherwise remain silent. As in *Garcia,* we find no police coercion of any kind. Based on the foregoing, we find *Jamail* distinguishable from the instant case.

We respond next to appellant's contention that *Miranda, Edwards* and *Jamail* required the trial court to suppress the results of the intoxilyzer test based on his alleged second request to consult with an attorney prior to taking the test.

■ The quality of the videotape was quite poor during the portion where Officer Deringer instructed appellant pursuant to Article 6701*l*–5 § 2(b). However, we did hear what amounted to a statement by appellant that he would take the breath test although he felt his attorney would advise against it. Although we could not discern a second request for an attorney, Texas courts have uniformly refused to recognize attachment of an accused's fifth amendment rights pursuant to *Miranda* and *Edwards* in the context of a police request for a breath or blood sample following an arrest for suspicion of DWI. *See McCambridge,* 712 S.W.2d at 506; *Rodriquez v. State,* 631 S.W.2d 515, 517 (Tex.Crim.App. [Panel Op.] 1982) *Garcia,* 726 S.W.2d at 233, 234. Therefore, if appellant did ask to consult with an attorney following his Article 6701*l*–5 § 2(b) warning, and if Officer Deringer refused to allow him to call a lawyer, no fifth amendment violation of *Miranda* or *Edwards* would have occurred at that time. Moreover, appellant's contention is particularly without merit in view of his taking the breath test voluntarily. *See Garcia,* 726 S.W.2d at 234. We find nothing in the opinion of the Court of Criminal Appeals in *Jones* which alters the foregoing rules pertaining to an Article 6701*l*–5 § 2(b) warning.

■ We likewise reaffirm the well-settled rule that a DWI suspect has no *sixth* amendment right to representation by an attorney before taking an intoxilyzer test.

*McCambridge,* 712 S.W.2d at 502; *Forte v. State,* 707 S.W.2d at 91. An accused's *fifth* amendment right to consult with counsel before speaking, which the *Jones* court addressed, is distinct from an accused's *sixth* amendment right to representation by counsel. The right to representation attaches only after the state has begun formal adversary proceedings. *Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 1146, 89 L.Ed.2d 410 (1986); *Michigan v. Jackson,* 475 U.S. 625, 106 S.Ct. 1404, 1409, 89 L.Ed.2d 631 (1986). In response to appellant McCambridge's assertion that he had a right to representation by counsel prior to submitting to an intoxilyzer test, our Court of Criminal Appeals relied on *Moran v. Burbine* and *Michigan v. Jackson* when it rejected his claim. The *McCambridge* court found that a "critical stage" entitling the accused to representation had not occurred because the State did not file charges until after police took the breath sample. *McCambridge* 712 S.W.2d at 502 n. 11. *Accord, Collins,* 727 S.W.2d at 568; *Forte,* 707 S.W.2d at 92. Because an identical scenario took place in the instant case, *McCambridge* mandates the conclusion that appellant's sixth amendment rights failed to attach until he was formally charged. *Jones* does not abrogate this rule since it is narrowly limited to the case which raises *fifth* amendment concerns because the police wrongfully interrogate an accused in custody who requests an attorney without subsequently waiving the request. *See Jones,* 742 S.W.2d at 402, 403.

We overrule appellant's first point of error as well as his second.

The State asks us to modify the judgment of the trial court to show that the State abandoned the *first,* rather the second paragraph of the information. We have reviewed the record and conclude the State's request is proper. The State abandoned the simple DWI charge, alleged in the first paragraph of the information, and elected to prosecute appellant for driving while his breath alcohol concentration was at least ten percent, as alleged in the second paragraph.

We modify the judgment of the trial court by reforming it to correctly describe appellant's offense as: D.W.I. as charged in the information; but upon motion of the State, the first paragraph was abandoned and dismissed. Tex.R.App.P. 80(b).

As modified, the judgment of the trial court is affirmed.