**Patricia Doyle MYNHIER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–88–095–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 17, 1988.

Discretionary Review Refused March 1, 1989.

William W. Burge, Houston, for appellant.

Cathleen Herasimchuk, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant Patricia Doyle Mynhier was charged by information with driving while intoxicated. The jury convicted her, and the court assessed punishment at 180 days confinement, probated for two years, and a fine of $500.00. Appellant asserts the trial court erred: (1) by permitting the introduction of a video-tape showing appellant refusing to submit to a breathalyzer test; and (2) by overruling an objection to the prosecutor's alleged comment on appellant's failure to testify. We affirm.

At approximately 1:30 a.m., police officers observed appellant fail to stop her car for a red light. She was clocked on radar as driving 50 miles per hour in a 35 miles per hour speed zone. After pursuing her with their siren on and lights flashing, the officers noticed that appellant was slow to pull her automobile over. The officers testified that in addition to her delay in pulling over, appellant stopped in the moving lane of traffic. Because of the danger, the officers directed her to move her vehicle to a side parking lot, which she had difficulty doing. The officers asked appellant to step out of her vehicle. Uncontroverted testimony reflected that she was fumbling about, having a problem with her shoes, mumbling her words, and speaking in a thick-tongued manner. Following her field sobriety test performance, the officers determined that appellant was too intoxicated to operate a motor vehicle. The officers placed her under arrest and transported her downtown to the Accident Division where she received her legal warnings and additional sobriety tests were conducted.

At the Accident Division, appellant was video-taped performing several sobriety tests. The video-tape reflects the appellant requesting and talking by phone to an attorney. It further shows appellant performing various sobriety tests such as dexterity exercises and alphabet recitation. After her sobriety tests, appellant expressed her refusal to take a breathalyzer test. This exchange was also video-taped. The jury was not allowed to see appellant request and attempt to speak to her attorney. However, the jury was allowed to view appellant performing sobriety tests and refusing to take the breathalyzer test. At trial, defense counsel objected to the introduction into evidence of the portion of the video-tape where appellant refuses to take a breathalyzer test on the basis of the Fifth and Sixth Amendments and upon our previous decision in *Jamail v. State*, 713 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1986, pet. granted). The trial court determined that the Fifth and Sixth Amendments did not forbid the introduction into evidence of appellant's refusal to take the breathalyzer test. The trial court also determined that the jury was entitled to see the procedure and normal attendance to the arrest and custody of appellant, which included the requests for the breathalyzer test and appellant's refusal. The trial court viewed the video-tape to determine if the police interrogated appellant to warrant exclusion of appellant's refusal but found that no interrogation had occurred.

■ Appellant asserts the trial court erred by permitting into evidence the portion of the video-tape showing appellant refusing to submit to a breathalyzer test. Defense counsel at trial objected on the basis of the Fifth Amendment and Sixth Amendment to the United States Constitution and upon *Jamail v. State,* 713 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1986, pet. granted). On appeal, appellant maintains that the citation to *Jamail* by defense counsel included an objection based upon Article 1, § 10 of the Texas Constitution. However, our decision in *Jamail* did not reach the issue of whether the Texas Constitution imposes a right to counsel upon request for consent to a breathalyzer test. *Jamail,* 713 S.W.2d at 780. Because the point of error on appeal must comport to the objection raised at trial, we do not have before us the Texas Constitutional issues. Appellant has failed to properly raise this issue before the trial court so that the error, if any, has been waived.

■ The Court of Criminal Appeals in its recent decision of *Forte v. State,* 759 S.W.2d 128 (Tex.Crim.App.1988) has summarized the constitutional issues attendant to a driving while intoxicated arrest, where the defendant has invoked Fifth and Sixth Amendment rights as well as Texas Constitutional rights to counsel. The Court has unequivocally held that a defendant is not entitled to consult with an attorney prior to taking a breathalyzer test. *Forte,* at 131; *Forte v. State,* 707 S.W.2d 89 (Tex.Crim.App.1986). The right to counsel attaches only at or after initiation of an adversary judicial proceeding against a defendant. Therefore, appellant had no Sixth Amendment constitutional right to consult with counsel prior to deciding whether or not she should submit to a breathalyzer test. *Forte,* at 131.

■ Further, the Court of Criminal Appeals in *Forte* reiterated that both the United States Supreme Court and the Court of Criminal Appeals had already determined that Fifth Amendment principles do not govern the admissibility of evidence obtained from the breathalyzer. *Forte,* at 130, *citing Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) *and Rodriguez v. State,* 631 S.W.2d 515 (Tex.Crim.App.1982). Therefore, appellant had no Fifth Amendment right implicated by a request or refusal to take a breathalyzer test.

■ Appellant was video-taped, requested an attorney, and was granted a telephone call in which she spoke to an attorney. This portion of the video tape was not admitted into evidence. The trial court was overly cautious in excising this portion of the tape before the jury. It is interesting to note, however, that after her conference with her attorney she voluntarily consented to perform exercises which tested her sobriety. Even though video-taped recordings of appellant are non-testimonial, thus allowing their admission into evidence, the fact that appellant voluntarily interacted with the police after requesting an attorney effectively removed her situation from any *Jamail* analysis. *Garcia v. State,* 726 S.W.2d 231, 234 (Tex.App.—Houston [14th Dist.] 1987, pet. granted). Appellant voluntarily performed sobriety tests after being informed of her rights and after being permitted to telephone her attorney.

Though we find that appellant has not preserved a Texas Constitutional claim, we note that the Court of Criminal Appeals in *Forte* found that the point of arrest does not trigger Article 1, § 10 of the Texas Constitution's right to counsel. Instead, the analysis of whether a critical stage had been reached must be made by viewing each case individually and determining whether the pre-trial confrontation necessitated counsel's presence so as to protect a known right or safeguard. *Forte,* at 138. The Court ruled that the decision of whether to submit to a breath test is not a critical stage because an accused has no legal right to withdraw his implied consent to take the breath test. Article 6701*l*–5, Section 1, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1988). The accused can physically refuse to take the breathalyzer, but has no power to revoke her implied consent. *Forte,* at 139; *Jamail,* 713 S.W.2d at 782 (Draughn, J., dissenting). Since the appellant has no legal choice whether to take the

breathalyzer, counsel would not be protecting any known right by advising the appellant to refuse to take the test. *Forte*, at 139. Therefore, appellant did not have a right under the Texas Constitution to consult with an attorney prior to the breathalyzer test. It follows then that the admittance into evidence of her refusal on videotape did not violate her constitutional rights.

■ In further support of our holding, we find that the record reflects that a police officer testified without objection that the appellant refused to take the breathalyzer test and refused to sign the refusal form. Evidence admitted elsewhere in the trial without objection will not support a reversal. *Crocker v. State*, 573 S.W.2d 190, 201 (Tex.Crim.App. [Panel Op.] 1978). The fact that she was visually seen on tape refusing to take a breathalyzer test implicates no new constitutional dimension to the circumstances of this case. Accordingly, we overrule appellant's first point of error.

■ In appellant's second point of error, she asserts that the prosecutor allegedly commented on her failure to testify. It is fundamental that the failure of an accused to testify may not be the subject of comment by a prosecutor. Such a comment is in express violation of Article 38.-08, Tex.Crim.Proc.Code Ann. (Vernon 1979), and in violation of the privilege against self-incrimination contained in Article 1, § 10 of the Texas Constitution. *Nickens v. State*, 604 S.W.2d 101, 104 (Tex. Crim.App.1980). We must look to the language used from the stand point of the jury. Further, implications that the prosecutor's language had reference to the accused's failure to testify must be a necessary one. It is not sufficient that this language might be construed to imply or constitute an indirect allusion to this failure. Instead, the test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Nickens*, 604 S.W.2d at 104. To be reversible error, the jury argument must be extreme or manifestly improper or inject new and harmful facts into evidence. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988).

■ After a review of the jury argument in question, we find that the prosecutor did not comment upon the appellant's failure to testify. The allegedly offending comment was as follows:

You saw her refuse to take the Intoxilyzer, the scientific evidence that would have proven the .10 that she was intoxicated and she refused to give. She is the only one who could have done that. State could not force her to take the Intoxilyzer. It was because of her that all the evidence can not be presented here today.

We find that the language used by the prosecutor did not constitute a direct allusion to the appellant's failure to testify. *Livingston v. State*, 739 S.W.2d 311, 338 (Tex.Crim.App.1987). The language used can be reasonably construed as referring to the appellant's failure to produce testimony or evidence from sources other than herself; thus, reversal is not required. *Livingston*, 739 S.W.2d at 338. The prosecutor's remarks do not naturally and necessarily refer to appellant's failure to testify but were directed at appellant's refusal to consent to a breathalyzer test. As discussed earlier, breathalyzer tests are not of a testimonial character; therefore, this was a proper area in which the prosecutor could comment. The objection raised at trial was that the comment was upon appellant's failure to testify. However, we find that the more reasonable inference is that this was a comment upon appellant's failure to take the breathalyzer test.

■ Even though the prosecutor's language did not necessarily call attention to appellant's failure to testify, an argument can be made that it is an indirect allusion to her failure to testify. For an indirect comment to constitute reversible error, it must call for denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. *Montoya v. State*, 744 S.W.2d 15, 37 (Tex.Crim.App. 1987). This comment did not call for a

denial of an assertion of fact under this standard. Therefore, preservation of error is necessary through a proper objection and motion to instruct the jury to disregard. *Montoya,* 744 S.W.2d at 37. No such motion to instruct was lodged in the trial below. Appellant has waived her error.

 We do find, however, that this language by the prosecutor was an improper reference to matters outside the record. *Gaddis v. State,* 753 S.W.2d 396, 399 (Tex. Crim.App.1988). The prosecutor's language was a specific comment or reference to the statutorily mandated presumption of intoxication. Article 6701*l*–5, Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1988). Because the appellant refused to take any breathalyzer test, there was *no* evidence of any measured level of intoxication. The prosecutor's comment that the appellant was intoxicated at a level of .10 percent was outside the record. However, appellant failed to object to the argument on these grounds and so failed to preserve error. *Cravens v. State,* 687 S.W.2d 748 (Tex. Crim.App.1985).

Assuming, *arguendo,* that the comment called for a denial of an assertion of fact; i.e., that appellant would have registered .10 on the Intoxilyzer and must testify to refute the .10 reading; or that the language was an indirect comment on the failure to testify, we still must find that the error was harmless. *Montoya,* 744 S.W.2d at 38. In a harmless error analysis, we must determine beyond a reasonable doubt that the error in the impermissible argument did not contribute to the verdict. *Montoya,* 744 S.W.2d at 38. This is determined from the facts of each case and resolved according to the probable effect the argument had on the minds of the jurors. *Montoya,* 744 S.W.2d at 38. Under the facts of this case, the police observed appellant run a red light and clocked her on radar as speeding. She had slowed responses in operating her vehicle. She mumbled, was thick-tongued in her initial interview with the police, and failed her initial field sobriety tests. An inventory of appellant's automobile revealed a beer bottle in the driver's panel of the door.

She was taken to the video-tape room in the Accident Division for further sobriety tests. The jury was allowed to see her performance on the sobriety tests which were conducted in the video-tape room. The jury saw appellant have trouble speaking, saying her alphabet, balancing, and walking. Her refusal to take the breathalyzer test was made known to the jurors both through the officer's testimony and through portions of the video-tape. An examination of the totality of the facts and the arguments of the parties indicates that prosecutor's alleged comment, if any, on appellant's failure to testify was harmless. *Montoya,* 744 S.W.2d at 40. Although the prosecutor's comment was unnecessary, we find beyond a reasonable doubt that the prosecutor's comment did not contribute to the jury's resolution of the verdict.

Accordingly, we affirm.