**Eduardo Ignacio GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 322–87.

Court of Criminal Appeals of Texas.

April 18, 1990.

J. Gary Trichter, Stanley Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Kathlyn Giannaula & Katherine Haden, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**PER CURIAM.**

Appellant pled guilty to the offense of driving while intoxicated and the court assessed punishment at thirty days in jail, probated for a term of two years, and a fine of $150.00. The Court of Appeals affirmed the conviction finding that the trial court did not err in refusing to grant appellant's motion to suppress evidence from the intoxilyzer test and from the videotape made of appellant after his arrest. *Garcia v. State*, 726 S.W.2d 231 (Tex.App.—Houston [14th] 1987). This Court granted review on grounds relating to whether appellant's consent to take the test and perform the exercises on the videotape was obtained in violation of his right to counsel. He relies on Article I, §§ 10 and 19 of the Texas Constitution and Articles 1.04, 1.05, 15.17, and 38.22, V.A.C.C.P. We will affirm.

We rely on the Court of Appeals' rendition of the facts:

Appellant was arrested for suspicion of driving while intoxicated. He was taken into a videotaping room. There he was read his legal warning: that he had the right to remain silent, that any statement he made could be used against him, that he had the right to a lawyer to advise him prior to and during any questioning and that he could terminate the interview

at any time. Appellant asked to consult with an attorney. He was permitted to call his attorney from the videotaping room. During the telephone conversation, three police officers remained in the room and appellant's portion of the conversation was recorded. Appellant asked if his attorney could call him back and a police officer told him that they could not accept in-coming calls. The officer told him to make his conversation brief, that what he needed to discuss with his lawyer was whether he should participate in the motor skills exercises, whether he should answer any questions and whether he should submit to an intoxilyzer test. The appellant was told several times to keep the conversation short. He was finally told that he had only two minutes left. Appellant terminated the conversation. He then consented to perform the motor skills exercises, answered questions and consented to the intoxilyzer test. The results of the intoxilyzer test indicated a breath-alcohol concentration of 0.18 percent. The audio portion of the videotape was suppressed by the trial court.

*Garcia v. State*, 726 S.W.2d at 232.

The threshold question in this case is when the right to counsel attaches to the proceedings. The Court of Appeals did not have the benefit of our recent holding in *McCambridge v. State*, 778 S.W.2d 70 (Tex. Cr.App.1989) in which we determined that for purposes of Art. I, § 10 of the Texas Constitution the right to counsel attaches at the critical stage in the proceedings, that is, at the time formal charges are brought against a suspect. We also determined that Art. I, § 19 and Arts. 1.04 and 1.05, V.A.C.C.P., do not include a right to counsel other than that encompassed by Art. I, § 10. Further we found that Arts. 15.17 and 38.22 do not "provide a right to counsel prior to the administration of a chemical breath test." *McCambridge*, 778 S.W.2d at 73.

Because formal charges had not been filed against appellant at the time he was asked to take the breath test and perform the videotaped exercises, the right to counsel had not yet attached. There being no violation of appellant's right to counsel, the judgment of the Court of Appeals is affirmed.

CLINTON and TEAGUE, JJ., dissent.