Paul Glen McDonald, Jr. v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-158-CR

     PAUL GLEN MCDONALD, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the County Court at Law
Coryell County, Texas
Trial Court # 96-42629
                                                                                                                 

MEMORANDUM OPINION
                                                                                                                 

      Paul Glen McDonald, Jr. was convicted of driving while intoxicated and sentenced to 45 days
in jail plus a $2,500 fine. He appeals pro-se. Although we have requested the statement of facts,
he has neglected to see that we receive it. Because we have determined that the statement of facts
is not dispositive of any appealed error, we assume the facts of the trial to be as he states them in
his brief, and we address his argument accordingly. The crux of McDonald’s complaint is that the
trial court erred in admitting the results from his toxicology report because he requested counsel
before submitting a breath sample. We will affirm.
      At the time that Officer David Roberts requested a breath sample from McDonald, he had no
right to counsel. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Forte
v. State, 707 S.W.2d 89, 91 (Tex. Crim. App. 1986). The right to counsel under the Sixth
Amendment attaches only upon or after formal initiation of judicial proceedings. Forte, 707
S.W.2d at 91. His Sixth Amendment right to counsel did not attach until the complaint and
information were filed. Id. at 92. 
      A defendant, when faced with a decision whether to provide a breath or blood sample for
chemical analysis of alcohol concentration, may not avoid making a decision by invoking the
protection of the Fifth Amendment privilege against self-incrimination or the prophylactic
safeguards of Miranda. See South Dakota v. Neville, 459 U.S. 553, 564, n. 15, 103 S.Ct. 916,
923, n. 15, 74 L.Ed.2d 748 (1983).  
      In Schmerber v. California, a blood sample was extracted from a defendant by a physician
without the defendant's consent. The defendant claimed that his Fifth Amendment privilege against
self-incrimination was violated. The Court held that neither the extraction of blood nor the
subsequent chemical analysis of the blood for alcohol concentration required appellant to
testimonially incriminate himself in violation of the Fifth Amendment. Schmerber v. California,
384 U.S. 757, 765, 86 S.Ct. 1826, 1833, 16 L.Ed.2d 908 (1966). 
      The Court of Criminal Appeals has followed Schmerber with regard to the collection of a
breath sample, holding that providing a breath sample for chemical analysis of alcohol
concentration is not a testimonial communication protected by the privilege against
self-incrimination under the Fifth Amendment. Rodriguez v. State, 631 S.W.2d 515, 517 (Tex.
Crim. App. 1982). The Court further held that police officers are not required to give a suspect
Miranda warnings prior to asking him to provide a breath sample. Id. 
      We find no denial of appellant's Fifth or Sixth Amendment right to counsel. The judgment is
affirmed.
 
 
                                                                               BILL VANCE
                                                                               Justice
 
 
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed January 21, 1998
Do not publish