Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00358-CR

_____

## CARLOS CHAPARRO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. 132,333**

### M E M O R A N D U M   O P I N I O N

The jury convicted Carlos Chaparro of a Class B misdemeanor offense of driving while intoxicated. The trial court assessed Appellant's punishment at confinement for 180 days and a fine of $1,000. The trial court suspended the imposition of the sentence and placed Appellant on community supervision for two years. We affirm.

The facts are undisputed. On November 8, 2010, Appellant was driving an 18-wheeler on Interstate 20 in Midland County. Corporal Jayden Perkins of the Midland County Sheriff's Office stopped Appellant. Department of Public Safety Trooper Chad Matlock responded to the scene. The officers arrested Appellant for driving while intoxicated and placed him in handcuffs. The officers did not give Appellant *Miranda*[1] warnings. Trooper Matlock placed Appellant in his patrol car. Trooper Matlock read Appellant the DIC-55 statutory warnings and asked Appellant whether he would give a blood sample. Appellant responded, "Yes, sir." Testing of Appellant's blood sample showed that it contained, among other things, diazepam, hydrocodone, and carisoprodol.

At trial, Appellant moved to suppress evidence of any questions that the officers asked him after he was arrested, any statements he made to the officers after he was arrested, and the results of his blood test. Appellant argued that this evidence was inadmissible because the officers did not give him *Miranda* warnings. The State agreed that, because the officers did not give Appellant *Miranda* warnings, any questions that constituted custodial interrogation and Appellant's responses to those questions were inadmissible. However, the State asserted that the law required the officers to give Appellant the DIC-55 statutory warnings and to ask whether Appellant would provide a blood or breath specimen and that, therefore, Appellant's consent to provide a blood specimen and the results of the blood test were admissible.

The trial court ruled that "all custodial interrogation subsequent to [Appellant] being placed under arrest, save and except for the DIC warnings and the acknowledgment of the blood tests and the approval of the blood tests from [Appellant], are suppressed." The trial court stated that evidence that related to the blood test would not be suppressed, and the trial court admitted such evidence.

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

In a single appellate issue, Appellant contends that the trial court abused its discretion when it failed to suppress evidence of the DIC statutory warnings, of his consent to give a blood specimen, and of the results of his blood test. In his brief, Appellant acknowledges that relevant case law does not favor his position. Appellant states that he is making his argument simply to preserve error.

Appellant cites *Rodriguez v. State*, 631 S.W.2d 515 (Tex. Crim. App. 1982), and *McCambridge v. State*, 778 S.W.2d 70 (Tex. Crim. App. 1989). In *Rodriguez*, the court held that the taking of a breath test is not a testimonial communication and that *Miranda* warnings need not be given before administering the test. 631 S.W.2d at 517. In *McCambridge*, the court held that a right to counsel does not attach to a decision of whether to submit to a requested breath test when the request is made before the "critical stages" of a criminal proceeding arise. 778 S.W.2d at 72. We are bound by existing precedent. The trial court did not abuse its discretion when it denied Appellant's motion to suppress the blood test evidence. Appellant's issue is overruled.

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


August 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.