Irvin Lee STINSON, Appellant,

v.

The STATE of Texas, State.

No. 2–83–264–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 21, 1983.

Paul A. Lechowick, San Antonio, for appellant.

Sam D. Millsap, Dist. Atty. by Edward F. Shaughnessy, III, San Antonio, for State.

Before HUGHES, ASHWORTH and BURDOCK, JJ.

## OPINION

HUGHES, Justice.

Irvin Lee Stinson has appealed his conviction for attempted burglary of a habitation. The court assessed punishment at five years confinement in the Texas Department of Corrections and a $500 fine.

We reverse and remand.

Stinson was originally indicted for the offense of burglary. Before trial on the merits, he filed a written motion to suppress evidence on the grounds that the evidence was obtained as a result of an illegal search and seizure. A hearing was held on the motion and it was overruled. In his

grounds of error before this court, Stinson questions the court's ruling on that motion.

At the plea hearing before the court, Stinson entered a plea of guilty to the offense of attempted burglary of a habitation pursuant to a plea bargain agreement. The State introduced Stinson's stipulation, in which he admitted the commission of attempted burglary. The State recommended a five year term of imprisonment and a $500 fine. The court accepted the State's recommendation and assessed punishment accordingly.

Stinson raises two grounds of error in which he challenges the trial court's ruling on his motion to suppress. The State asserts that the evidence obtained as a result of the search was not introduced at the plea hearing, therefore nothing is presented to this court for review.

In his argument before this court, Stinson relied on the case of *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr.App.1981) to support his right to appeal his motion to suppress. The facts in *Mooney* are identical to the case here and we find the court's ruling in that case to be controlling. We do not agree however, with the broad statements in *Mooney* which are unsupported in other cases the Court of Criminal Appeals has handed down upon the issues raised herein. *See Haney v. State,* 588 S.W.2d 913 (Tex.Cr. App.1979); *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978); *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974).

In the case of *Mooney v. State, supra,* Mooney entered a guilty plea before the court pursuant to a plea bargain agreement. He judicially stipulated to the commission of the offense and that stipulation was entered in evidence at the hearing on the plea. The Court of Criminal Appeals stated that due to Mooney's stipulation to the commission of the offense, the errors presented in his motion to suppress *are not appealable* under Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979). In our opinion, art. 44.02 does not stand for the above proposition.

Article 44.02 is set forth as follows:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

We interpret this article and find support in the case law for the proposition that in plea bargain situations where the punishment assessed is within that recommended by the State *and* agreed to by the defendant *and* the basis of the ground of error has been presented in a written pretrial motion to the trial court for consideration, *OR* the trial court has given permission to pursue an appeal, then this court has jurisdiction to hear the appeal. *Wheeler v. State,* 628 S.W.2d 800 (Tex.Cr.App.1982); *Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App. 1981); *Prochaska v. State,* 587 S.W.2d 726 (Tex.Cr.App.1979).

The motion to suppress filed by Stinson in this case is appealable under art. 44.02 because it was raised in a pretrial written motion and the court had an opportunity to consider it. *Haney v. State, supra.* Moreover, the trial court granted Stinson permission to appeal his motion to suppress. *Ferguson v. State, supra.*

The court in *Mooney* also stated that the effect of Mooney's stipulation to the commission of the offense was to foreclose his right to appeal the pretrial matters raised in his motion to suppress. We do not read other cases handed down by the Court of Criminal Appeals to be in support of this statement.

The effect of entering the stipulation does not foreclose the *right* to appeal.

That right is afforded a defendant under art. 44.02 as we stated above. The stipulations do have the effect however of rendering errors dealing with the motion to suppress harmless. This is because of the holdings in the cases of *Stiggers v. State, supra;* and *Haney v. State, supra.* If the evidence seized as a result of the illegal search *is not* introduced in evidence at the hearing on the plea, any error with respect to such search is not reviewable. This is because nothing is presented for review. *Stiggers v. State, supra.* If the evidence *is* introduced in evidence, the judicial confession will nullify the prejudicial effect of the introduction. *Haney v. State, supra.*

Under these cases, although a defendant has a right to appeal his overruled motion to suppress evidence, his appeal is of no practical effect.

■ The decision in *Mooney* seems to require that the trial court advise the defendant of the effect of the entering of his stipulation in evidence. The failure of the court to do so renders the plea involuntary and the cause must be reversed and remanded for new trial. *Wooten v. State,* 612 S.W.2d 561 (Tex.Cr.App.1981).

■ In this case, Stinson was never advised of the effect of the entering of his stipulations to the commission of the offense. Therefore, his plea cannot be said to have been made knowingly and voluntarily. *Wooten v. State, supra.* The court had no authority to accept his conditional plea. *Hawthorne v. State,* No. 64,326 (Tex.Cr. App., March 1, 1983) (not yet reported). Because of the court's ruling in *Mooney,* we find we must reverse and remand this cause for a new trial.