

Thomas W. Mills, Jr., D. Bradley Dickinson, Dallas, for appellant.

Henry Wade, Dist. Atty., and Anne B. Wetherholt and John Heasley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TEAGUE, Judge.

**Benjamin Leizer STATMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 453–86.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1987.

The record of appeal reflects that Benjamin Leizer Statman, hereinafter referred to as appellant, was charged by indictment with committing the offense of possessing a controlled substance, namely, cocaine, in an amount less than 28 grams.

On March 18, 1985, appellant's trial attorney filed a "Motion to Suppress Evidence and Memorandum." The parties agreed that the trial judge's decision on the motion to suppress would be based on a written stipulation of evidence that was filed on May 21, 1985. See "Appendix A", which is attached to this opinion. A statement by the trial judge, as well as the docket sheet, reflects that appellant's motion to suppress was denied by the trial judge on June 12, 1985.

Thereafter, on October 27, 1985, appellant and the prosecutor entered into a plea bargain agreement, wherein appellant agreed to plead nolo contendere, and the prosecutor in exchange agreed to recommend and did recommend that appellant's punishment should be assessed at three years' confinement in the Department of Corrections with same being probated for a period of three years. Appellant waived

trial by jury, was admonished by the trial judge, and pled nolo contendere. The State reoffered into evidence the above stipulation of evidence, see "Appendix A", and also offered into evidence three other stipulations of evidence, see "Appendix B", "Appendix C", and "Appendix D". When the prosecutor offered all of the stipulations into evidence, appellant's counsel stated "no objections".

During the plea proceedings, when admonishing appellant, the trial judge informed appellant that "if I follow that plea bargain agreement then you cannot appeal from this case without my permission except for written motions that have already been filed before this trial ..."

The trial judge found appellant guilty and, in accordance with the above plea bargain agreement, assessed his punishment at three years' confinement in the Department of Corrections, probated for a like period of time.

Thus, without more, appellant was entitled to appeal the trial court's decision to deny his motion to suppress.

In an unpublished opinion, the Dallas Court of Appeals, see *Statman v. State,* Tex.App.-5th, No. 05-85-01033-CR, April 17, 1986, held that, despite the pretrial ruling by the trial judge, appellant had waived any error in the admission of the evidence because his attorney had stated that he had "no objection" when the prosecutor offered and had admitted into evidence the above written stipulations. The court of appeals stated the following: "We hold that appellant, by affirmatively asserting 'no objection' to the stipulations offered at trial, has waived any error in the admission of the evidence contained within those stipulations." For that reason, the court of appeals did not address the merits of appellant's contention that the trial court had erred in denying his motion to suppress.

In response to appellant's contentions on appeal, that (1) "The Trial Court erred in denying Defendant's Motion to Suppress because of the unlawful search and seizure in Florida," and (2) "The Trial Court erred in failing to grant the Motion to Suppress based on the warrantless search by the Dallas Police Department," the Assistant District Attorney of Dallas County merely responded to appellant's contentions, arguing all the while that the alleged searches and seizures that occurred in Miami, Florida and Dallas were lawful, and that appellant lacked standing to complain of the searches.

Appellant filed a petition for discretionary review in which he asserted that "The Appellate Court below erred in failing to follow [this Court's decision of] *Morgan v. State,* 688 S.W.2d 504 (Tex.Cr.App.1985), specifically allowing the appeal of a pretrial motion after a plea of guilty or nolo contendere." In its response, the State candidly admitted that "The State of Texas, as represented by the Dallas County District Attorney's Office, did *not* argue in the Court of Appeals that Appellant's stipulations of evidence at the suppression hearings and plea of nolo contendere waived his right to challenge the search and seizure on appeal. The State's only argument in the Court of Appeals was on the merits of the search and seizure issue, including lack of 'standing.' Accordingly, no argument will be offered to this Court on the issue of Appellant's waiver of his ground of error, the only issue presently before this Court on Appellant's petition." On October 15, 1986, a majority of this Court refused without comment or opinion appellant's petition.

Appellant thereafter timely filed a motion for rehearing, essentially reurging what he had urged in his petition for discretionary review. This Court granted the motion for rehearing on December 22, 1986, in order to make the determination whether the decision of the court of appeals is in conflict with this Court's decision of *Morgan v. State,* supra.

Having concluded that the court of appeals erred in holding that appellant waived his contention that the trial court erred in denying his motion to suppress, we will remand this cause to that court to consider appellant's "Grounds of Error."

The issue whether appellant's plea of nolo contendere was voluntarily entered is not before us, nor is the question whether the evidence is sufficient to support the

trial judge's finding appellant guilty before us.

In *Morgan v. State*, supra, this Court again reinterpreted the provisions of Art. 44.02, V.A.C.C.P., and overruled *Haney v. State*, 588 S.W.2d 913 (Tex.Cr.App.1979), and *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978), which had held that a defendant's judicial confession waived his right to appeal the unfavorable ruling upon his written pretrial motion to suppress. In *Morgan*, supra, this Court held that upon a plea of guilty or nolo contendere, where the punishment assessed by the trial judge does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the defendant's judicial confession or admission does not bar appeal of matters raised by written pretrial motions. Also see *Johnson v. State*, 722 S.W.2d 417 (Tex.Cr.App.1986).

In *Moraguez v. State*, 701 S.W.2d 902 (Tex.Cr.App.1986), this Court held that the defendant's failure to object to the stipulation of evidence, or making it subject to the ruling on the defendant's motion to suppress, did not constitute a failure to preserve any error on the trial court's ruling on the motion to suppress. However, this Court also held that "Since the stipulated evidence is not shown to be based on, derived from or in any way tainted by the allegedly constitutionally impermissible arrest, we must conclude it was independently obtained by the witnesses." (905). In this instance, contrary to the stipulation in *Moraguez*, supra, the stipulated evidence was based upon or derived from the warrantless searches and seizures that occurred in Florida and Texas. Thus, "Since appellant's conviction upon his plea of nolo contendere falls squarely within the parameters as interpreted by Morgan," *Johnson*, supra, we find and hold that the court of appeals erred in holding that appellant waived any error in the admission of the evidence contained within those stipulations by stating "no objection."

Accordingly, this cause is remanded to the court of appeals for it to review appellant's contentions.

W.C. DAVIS, J., dissents.

APPENDIX A

State of Texas

vs.

Benjamin Statman

No. F84–78054–FM

In the 194th Judicial District Court of Dallas County, Texas

STIPULATION OF EVIDENCE

COMES NOW BENJAMIN STATMAN, the Defendant in the above styled and numbered cause, in writing and in open court, and consents to the stipulation of evidence in this Motion to Suppress Evidence and in doing so expressly waives the appearance, confrontation and cross-examination of witnesses and further agrees and stipulates that the following facts are true and correct and constitute evidence in the case:

1. On August 21, 1984, Officer Griffis of the Dallas Police Department received information from Metro Officer David Young, from Dade County, Florida, that he received information on August 21, 1984, concerning a package of cocaine that was being sent through Emery Air Freight to Dallas, Texas.

2. The addressee was Ben Statman, Byn–Mar, Inc., 2920 Anode Lane, Dallas, Dallas County, Texas.

3. The package had originated out of Miami, Florida, The employees of Emery Air Freight had contacted Officer Young concerning a suspicious shipment. Officer Young called Officer Griffis and relayed this information regarding this suspicious package and told Officer Griffis that cocaine and a woman's black blouse had been found in the package in Miami, Florida. A search warrant was not sought by the Miami, Florida police.

4. Officer Young resealed the cocaine in the envelope in Miami, Florida and had Emery Air Freight employees initial the envelope with the cocaine inside of the envelope. The package was then sent via Emery Air Freight to Officer Griffis as the addressee in Dallas, Texas. Officer Griffis

picked up the package, and opened the package and found cocaine along with the black blouse. Officer Griffis received the package from Emery Air Freight dispatcher David Thornton.

5. Officer Griffis transported the package to the Vice Control Office with the intent to make a "controlled delivery." Officer Griffis transferred the cocaine from the original plastic bag that had been initialled by Emery Air Freight employees to another ziplock bag. Officer Griffis resealed the cocaine inside the original envelope and sealed the envelope in an Emery Air Freight package.

6. Later that day, Officer Griffis, dressed in an Emery Air Freight delivery uniform, went to 2920 Anode Lane, Dallas, Texas and delivered the package to Terry Brodbeck, Ben Statman's receptionist at the Byn–Mar, Inc. business location. Ms. Brodbeck signed for the package and Officer Griffis left. Officer Griffis advised Officer Hotz that the "controlled delivery" had been completed.

7. Officer Hotz, armed with the foregoing information, obtained a search warrant for the premises of Byn–Mar Inc. from Municipal Judge Lambeth.

8. Later the same day, Dallas Police officers executed the search warrant at the Anode address, arrested Benjamin Statman in his rear office and seized cocaine along with the envelope, the black blouse, and alleged cocaine paraphernalia.

/s/ Benjamin Statman
BENJAMIN STATMAN

SWORN TO AND SUBSCRIBED BEFORE ME the undersigned authority on this the _20th_ day of May, 1985.

Notary Public, State of Texas

APPROVED:

Approved by:
Attorney for the State

THOMAS W. MILLS, JR.

APPROVED BY THE COURT:

JUDGE ED KINKEADE

---

## APPENDIX B

MR. HEASLEY: Your Honor, it's agreed to and stipulated between the parties in this case that if Officer Griffis testified, he would testify that a certain amount of cocaine or white powdery substance was found on or about the person of Benjamin Leizer Statman on the 22nd day of August,

1984. Further that the drug couriers for the Southwestern Institute of Forensic Science, an individual by the name of M.—initial M. Thompson. and initial G. Hayes delivered the substances to the Southwestern Institute of Forensic Science whereupon two chemists by the name of James Baker and Ira Williams did an analysis of the white powdery substance. These individuals being trained in the use of chemistry and the analysis of drugs, examined the white powdery substance and found it to be a white powder contain approximately 1.1 gram of cocaine, that being 14.7 percent cocaine, total weight of the powder being 7.5 grams.

And we would rest as far as that stipulation is concerned.

THE COURT: Is that a stipulation?

MR. MILLS: Yes, sir.

THE COURT: All right. Put that in writing and I will approve that stipulation.

AND THAT OCCURRED, AS RE-FLECTED BY THE NEXT PAGE.

APPENDIX C

NO. _F84-78054 L: M_

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| _Benjamin L Statman_ | | DALLAS COUNTY, TEXAS |

### STIPULATION OF EVIDENCE

COMES NOW _Benjamin L. Statman_, the defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses, and further agrees and stipulates that the following facts are true and correct and constitute evidence in the case:

_Said evidence being an oral recitation of the stipulated facts read into the record by Assistant District Attorney John M Heasley._

X _____
Defendant

Sworn to and subscribed before me the undersigned authority on this the ___27___ day of ___August___, A.D., 19 _85_.

BILL LONG, CLERK, JUDICIAL
DISTRICT COURTS OF DALLAS COUNTY,
TEXAS,

BY: _Debbie Daly_ DEPUTY

Approved:
_Tom Mills_
Attorney for Defendant

Approved by the Court
_Ed Kinkeade_
Judge Presiding

APPENDIX D

State of Texas

vs.

Benjamin Statman

No. F84–78054–FM

In the 194th Judicial District Court of Dallas County, Texas

STIPULATION OF EVIDENCE

COMES NOW BENJAMIN STATMAN, the Defendant in the above styled and numbered cause, in writing and in open court, and consents to the stipulation of evidence in this Motion to Suppress Evidence and in doing so expressly waives the appearance, confrontation and cross-examination of witnesses and further agrees and stipulates that the following facts are true and correct and constitute evidence in the case:

After the arrest of Benjamin Statman, he was advised of his Constitutional rights. Officer Griffis, at the time of the arrest, observed on the floor of the office a black blouse. Officer Griffis asked Benjamin Statman where the cocaine was and Mr. Statman produced a gram of cocaine from his left front pocket. At that time, Officer Griffis asked where the rest of the cocaine was and Benjamin Statman showed Officer Mitchell where a key was to the two right desk drawers. The officers unlocked the drawers and found inside the top drawer a metal mirror with a razorblade on top with some white power residue. Also on the mirror was a green plastic funnel containing one and one-half (1½) grams of cocaine. The funnel was seized. In the lower right desk drawer, Officer Griffis found a brown cloth bag containing the plastic bag of co-caine that had been delivered with the package and four empty vials with residue, one cocaine spoon and one plastic sifting container with white residue. The police officers transported the Defendant to the Vice Control Office. Officer Griffis weighed the controlled substance and the weight was approximately ten (10) grams total. Before Officer Griffis made the delivery, the package contained approximately ten (10) grams of cocaine. The plastic bag was reweighed after the arrest and it only weighed eight (8) grams. Afterwards, the suspect admitted that he had opened the package and removed two (2) grams of cocaine and placed it in the funnel and vial. Officer Griffis placed the drug evidence in the drug evidence lock box under tag number 480795, along with the black blouse, the Emery package, a manilla envelope, a white envelope and the Emery pick-up manifest signed by the receptionist. The drug evidence was transported by the drug evidence clerks to the Southwest Institute of Forensic Sciences for analysis and the lab personnel assigned forensic lab number 84C2624 to the drug evidence under the case number of Benjamin Statman. A qualified chemist analyzed the drug evidence taken from one of the ziplock plastic bags. The results of the examination shows that the white powdery substance was cocaine. The amount of actual cocaine was 1.1 grams (14.7% of the total powder) and the total weight of the powder was 7.5 grams. The Defendant does not object to the chain of custody regarding the evidence.

/s/ Benjamin Statman
BENJAMIN STATMAN

SWORN TO AND SUBSCRIBED BEFORE ME the undersigned authority on this the _____ day of May, 1985.

Notary Public, State of Texas

APPROVED:

THOMAS W. MILLS, JR.

Approved by: _____
Attorney for the State

APPROVED BY THE COURT:

JUDGE PRESIDING

---

ONION, Presiding Judge, dissenting.

I dissent. See and cf. my dissenting opinion in *Morgan v. State*, 688 S.W.2d 504, 508 (Tex.Cr.App.1985). The Court of Appeals was correct.