**Sean McKENNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–399–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 8, 1988.

Rehearing Denied Nov. 10, 1988.

Jose L. Aliseda, Beeville, for appellant.

C.F. Moore, Beeville, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Appellant pled guilty to the offense of sexual assault. The trial court, pursuant to a plea bargain, assessed punishment at ten years of confinement and a fine of $1500. By five points of error appellant complains of the trial court's denial of his motion to suppress.

Appellant was charged with the offense of aggravated sexual assault. Shortly after he was arrested, appellant signed a written confession. He filed a motion to suppress the confession alleging he was denied the right to counsel, was coerced to confess, and was denied the right to be taken before a magistrate without unreasonable delay. After a hearing, the trial court overruled the motion, finding the confession was voluntarily given. Subsequently, appellant entered a plea of guilty to the lesser offense of sexual assault, conditioned on his right to appellate review of the trial court's ruling on his motion to suppress.

Appellant stipulated to the evidence and consented to waive the appearance, confrontation, and cross-examination of witnesses. See Tex.Code Crim.Proc.Ann. art. 1.15. Included on the stipulation form was a judicial confession admitting that he committed the crime of sexual assault. The documentary evidence appellant consented to being introduced included offense reports, affidavits or statements by the victim and the victim's mother, and the extra-judicial confession appellant sought to have suppressed.

■ Although appellant pled guilty, he has the statutory right to appeal the ruling on the written pre-trial motion because the punishment assessed did not exceed the punishment recommended by the prosecu-

tor and agreed to by the appellant. Tex.R. App.P. 40(b)(1). Furthermore, the Court of Criminal Appeals has determined that a judicial confession does not waive the appellant's right to complain of the pre-trial ruling. *Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Crim.App.1985). Similarly, even though appellant stipulated to the evidence which he sought to suppress, he has not waived his right to appeal the trial court's pretrial ruling on his motion to suppress. *Johnson v. State*, 722 S.W.2d 417 (Tex. Crim.App.1986); *Statman v. State*, 740 S.W.2d 464 (Tex.Crim.App.1987).

■ After reviewing the evidence, however, we conclude that we need not address appellant's points of error. As appellant's guilty plea is supported by evidence which is independent of his judicial confession and the challenged extra-judicial confession, any erroneous ruling on the pretrial motion is immaterial to the validity of the guilty plea. We reach this conclusion by relying on *Johnson v. State*, 722 S.W.2d 417 (Tex. Crim.App.1986).

In *Johnson*, the defendant stipulated to evidence which contained fruits of an illegal search and seizure and to evidence which was obtained independently of the illegal search and seizure. The Court held:

> [I]f the guilty plea or plea of nolo contendere is supported by evidence as required by Article 1.15, which is independent of the judicial confession and the tainted evidence, than the erroneous ruling on an appealable pretrial motion does not vitiate the conviction. *Johnson*, 722 S.W.2d at 424.

In this case, the stipulated evidence, excluding the extra-judicial and judicial confessions, was sufficient to embrace every essential element of the offense charged and manifest the guilt of the appellant.

Appellant was arrested for sexually assaulting W.C. The stipulated testimony of the victim, W.C., was that on February 27, 1987, appellant was visiting at the home of W.C. and W.C.'s mother. W.C. was six years old. Appellant was a next door neighbor of W.C. W.C. and his mother were preparing to leave their home that evening when W.C.'s mother told W.C. to take his shower and to save some hot water for her shower. Appellant repeatedly suggested that W.C. take a shower at his home. After the mother assented to this arrangement, appellant undressed W.C., put a towel around him and carried W.C. to his house.

After W.C. took a shower, he put on a robe and sat with appellant on the couch. According to W.C., while they were alone at appellant's home, appellant opened W.C.'s robe and performed the act appellant was charged with. This lasted approximately three minutes until W.C.'s mother arrived at appellant's house. W.C.'s mother stated that she questioned W.C. about what had happened at appellant's house and W.C. told her appellant performed the act.

The unchallenged, stipulated evidence provides a sufficient basis for the trial court's judgment. Hence, error, if any, in the trial court's ruling on the motion to suppress is not reversible.

The judgment of the trial court is AFFIRMED.

## OPINION ON MOTION FOR REHEARING

Appellant contends, for the first time, in his motion for rehearing that his guilty plea was not voluntarily entered because it was conditioned on his ability to obtain appellate review of the trial court's ruling on his motion to suppress his confession. Appellant's complaint is properly before us because the voluntariness of a conditional plea may be raised for the first time on rehearing. *Crawford v. State*, 624 S.W.2d 906 (Tex.Crim.App.1981).

Appellant concedes in his motion for rehearing tht this Court was correct in relying on *Johnson v. State*, 722 S.W.2d 417 (Tex.Crim.App.1986), in deciding not to address his point of error regarding the voluntariness of his confession. Appellant contends, however, that since his guilty plea was conditioned on appellate review of the trial court's ruling, and since *Johnson* makes a meaningful appeal impossible in

this case, his plea ·was not voluntarily entered.

The record of the guilty plea hearing demonstrates that appellant's guilty plea was conditioned on appellate review of the trial court's motion to suppress ruling. *Johnson* effectively renders any review meaningless. Under these circumstances, we must decide whether appellant's conviction should be reversed because of the conditional plea, whether we should review the merits of appellant's complaint, thereby fulfilling the conditional aspect of his plea, or whether we should adhere to our original opinion and decline to address the merits of the trial court's suppression ruling.

Appellant argues the conviction should be reversed, relying on *Stinson v. State,* 658 S.W.2d 820 (Tex.App.—Fort Worth 1983, pet. granted). *Stinson* relied on *Mooney v. State,* 615 S.W.2d 776 (Tex. Crim.App.1981). *Mooney,* in turn was necessitated by the holdings in *Ferguson v. State,* 571 S.W.2d 908 (Tex.Crim.App.1978) and *Haney v. State,* 588 S.W.2d 913 (Tex. Crim.App.1979). *Ferguson* and *Haney* have now been overruled to a certain extent by *Morgan v. State,* 688 S.W.2d 504 (Tex.Crim.App.1985). To the extent that *Mooney* was not overruled, it was applied in *Johnson v. State,* 722 S.W.2d 417. The correct disposition of the present case depends on the interplay of *Johnson, Morgan, Mooney,* and several other cases.

In order to place these cases in proper perspective, some historical review is necessary. Before 1977, a defendant in any criminal case had the right to appeal his conviction. *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App.1981). A defendant pleading guilty could appeal his conviction but the issues which he could raise on appeal were limited since a voluntary guilty plea waived all nonjurisdictional defects occurring prior to the entry of the plea. This rule, that a guilty plea waived all but jurisdictional errors, was known as the *Helms* rule. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972). In effect, a defendant's guilty plea barred appellate review of any alleged errors concerning the correctness of a trial court's ruling on a motion to suppress.

In 1977, the legislature amended the Code of Criminal Procedure to allow a defendant pleading guilty pursuant to an article 44.02 plea bargain to preserve for appellate review matters raised by pretrial motion. *Galitz* at 951. Following the amendment, certain evidentiary rules began to develop which, at times, foreclosed appellate review of matters raised by pretrial motion, even though the amended Code of Criminal Procedure provided for appeal.

For example, in *Ferguson v. State,* 571 S.W.2d 908 (Tex.Crim.App.1978), the Court of Criminal Appeals held that if the evidence challenged by a motion to suppress was not introduced into evidence, the defendant had not preserved the matter for appellate review. *Ferguson,* a case involving an article 44.02 guilty plea, followed the general evidentiary rule that error is not preserved if the complained of evidence is not introduced. *Stiggers v. State,* 506 S.W.2d 609 (Tex.Crim.App.1974).

Shortly thereafter, the Court of Criminal Appeals combined the rationale of *Ferguson* and the law of harmless error to conclude that the trial court's ruling on a motion to suppress is not preserved for appellate review in an article 44.02 guilty plea if the plea is supported by evidence independent of the evidence contested by the pretrial motion, even if the challenged evidence is introduced. *Haney v. State,* 588 S.W.2d 913 (Tex.Crim.App.1979).

As a result, a defendant pleading guilty pursuant to article 44.02, in order to preserve the trial court's adverse ruling on his pretrial motion for appellate review, had to make sure that the challenged evidence was admitted against him and make sure he did not introduce evidence independent of that challenged which would support the plea.

Writing for the Court in *Brewster v. State,* 606 S.W.2d 325 (Tex.Crim.App.1980), Judge Clinton stated that where the plea is supported by unchallenged evidence independent of the alleged taint, the trial court's ruling on the contested matters

"fades into unreachable oblivion." *Brewster* at 328.

With the evidentiary rules so complex, problems arose concerning the voluntariness of guilty pleas where the defendant had entered his guilty plea expecting appellate review of the trial court's ruling on a motion to suppress, but because of the rules of *Ferguson* and *Haney*, the trial court's ruling had faded into unreachable oblivion. The Court met this problem in *Mooney v. State*, 615 S.W.2d 776 (Tex. Crim.App.1981). There, the defendant stipulated to the commission of the offense but was erroneously informed that he could appeal the trial court's ruling on his motion to suppress the evidence. By application of *Haney*, the merits of the motion to suppress could not be addressed. Instead of altering the *Haney* rule and addressing the validity of the trial court's ruling, the Court of Criminal Appeals found that the plea had been involuntarily entered because the *Haney* rule barred appellate review. The Court reversed *Mooney's* conviction.

In 1985, the Court of Criminal Appeals overruled *Ferguson* and *Haney* to the extent that a judicial confession would no longer bar an appellate court from reaching the merits of a motion to suppress. *Morgan v. State*, 688 S.W.2d 504 (Tex. Crim.App.1985). Noting that *Mooney* had been necessitated by *Haney*, the Court stated that it no longer needed to apply the rationale of *Mooney* to article 44.02 guilty pleas. *Morgan* at 507–508.

In the present case, it is not the judicial confession that bars the appellate court from reaching the merits of the motion to suppress, but the unchallenged, untainted independent evidence (victim-witness statement). In this context, *Ferguson* and *Haney* were not overruled. This was made explicitly clear in *Johnson v. State*, 722 S.W.2d 417, 423, where the Court stated that a portion of *Ferguson* remained viable:

> Stated in a different manner, if the guilty plea or plea of nolo contendere is supported by evidence as required by Article 1.15, supra, (which is independent

of the judicial confession and the tainted evidence) then any erroneous ruling on an appealable pretrial motion does not vitiate the conviction.

*Johnson* at 423–424.

Applying *Johnson* in the present case causes the trial court's ruling on the motion to suppress, in Judge Clinton's words, to fade into unreachable oblivion. Thus, it would appear that it is still necessary to retain the *Mooney* limitation in those cases which are controlled by the portions of *Ferguson* and *Haney* which remain viable.

*Johnson*, however, appears to implicitly reject the *Mooney* limitation. In *Johnson* the defendant's plea was conditioned on his right to obtain appellate review of the trial court's ruling on his motion to suppress. The Court addressed the merits, found the evidence illegally obtained, and then affirmed the conviction because the conviction was based on independent, untainted evidence. The approach of the Court in *Johnson* appears to conflict with the settled rules of appellate practice set forth in *Brewster*, that the legality of challenged evidence is not determined unless the evidence which remains unchallenged is insufficient to support a conviction. *Brewster* at 328. Nonetheless, the holding of *Johnson* is consistent with that rule. *Brewster*, however, was not a conditional plea case, and *Johnson* is.

Accordingly, under *Johnson*, appellate review of the trial court's ruling on the motion to suppress is meaningless. If we review the merits of the motion to suppress and determine the evidence to be legal, the conviction is affirmed. If we review the merits of the motion and determine it to be illegal, the conviction is affirmed.

Since appellant has not received the meaningful appellate review he bargained for, it would appear that *Mooney* should apply, and the cause should be reversed. Following *Mooney*, however, would conflict with *Johnson*, the Court of Criminal Appeals' most recent expression on the subject.

We could address appellant's point of the merits, but regardless of our findings, the cause would have to be affirmed under

*Johnson.* We decline to waste valuable judicial time on a mere esoteric exercise which can have no impact on the disposition of this case.

Accordingly, we follow the holding of *Johnson* which we are required to do as an intermediate appellate court, and adhere to our original opinion affirming the judgment of the trial court.

We invite the Court of Criminal Appeals to resolve the conflict between *Mooney* and *Johnson.*

The motion for rehearing is OVER-RULED.