**Sean McKENNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1422–88.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 29, 1989.

Jose L. Aliseda, Jr., John W. Peterson, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with aggravated sexual assault, V.T.C.A. Penal Code § 22.021. Pursuant to a plea bargain, he pled guilty to the lesser included offense of sexual assault, V.T.C.A. Penal Code § 22.011. The trial judge assessed punishment at ten years confinement and a fine of $1,500.00. The Corpus Christi Court of Appeals affirmed the conviction, *McKenna v. State*, 761 S.W.2d 380 (Tex.App.—Corpus Christi 1988). We granted appellant's petition for discretionary review to determine if the court of appeals erred in failing to review appellant's motion to suppress his confession on the merits. We will reverse the judgment of the court of appeals.

Appellant was arrested then charged with aggravated sexual assault. Shortly thereafter, he signed a written confession. He later filed a written pretrial motion to suppress the confession, which was overruled by the trial court because it was deemed voluntary. On direct appeal to the

court of appeals, the appellant raised five points of error alleging the trial court erred in denying his motion to suppress. The court of appeals held that where the guilty plea is supported by evidence which is independent of his judicial confession and the challenged extrajudicial confession, any erroneous ruling on the pretrial motion is immaterial to the validity of the guilty plea. They found then that in this case the stipulated evidence, excluding the extrajudicial and judicial confessions, was sufficient to embrace every element of the offense charged and manifest the guilt of the appellant. *McKenna v. State*, 761 S.W.2d 380, at 381 (Tex.App.–Corpus Christi 1988) relying on *Johnson v. State*, 722 S.W.2d 417 (Tex.Cr.App.1986).

In *Johnson*, we held:

[If] the guilty plea or plea of nolo contendere is supported by evidence as required by Article 1.15, V.A.C.C.P., which is independent of the judicial confession and the tainted evidence, then the erroneous ruling on appealable pre-trial motion does not vitiate the conviction.

In *Johnson*, after determining that the search of appellant's apartment was invalid, we were called upon to

decide whether the trial court's refusal to suppress the items seized from appellant's apartment requires reversal even though appellant subsequently stipulated to evidence which contained fruits of the error.

*Id.* at 422.

Weaving a logical train through Art. 1.15, V.A.C.C.P., *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1980), *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.1980), *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr. App.1981), *Brewster v. State*, 606 S.W.2d 325, at 329 (Tex.Cr.App.1980), *Morgan v. State*, 688 S.W.2d 504 (Tex.Cr.App.1985), and *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978), we determined that in deciding whether there is sufficient evidence to form a basis for the judgment after a plea of guilty or nolo contendere and a finding of an erroneous ruling on a pre-trial motion, the reviewing court must exclude the plea, the judicial confession and

oral judicial admission given at the plea, and the tainted evidence that should have been ruled inadmissible in the ruling on the defendant's pre-trial motion. *Johnson*, 722 S.W.2d at 422–423. We then went on to say that:

If the untainted stipulated evidence which remains is sufficient "basis for [the trial court's] judgment" then reversal due to "trial error" is not required.

\*      \*      \*      \*      \*      \*

Stated in a different manner, if the guilty plea or plea of nolo contendere is supported by evidence as required by article 1.15, [V.A.C.C.P.], which is independent of the judicial confession and the tainted evidence, then any erroneous ruling on an appealable pre-trial motion does not vitiate the conviction.

*Johnson*, at 423–424.

Returning to the case at bar, at the time the court of appeals made the decision not to review appellant's motion to suppress, they did not have the benefit of our decision in *Kraft v. State*, 762 S.W.2d 612 (Tex.Cr.App.1988).

In *Kraft*, the defendant was convicted of driving while intoxicated, a misdemeanor, upon a plea of nolo contendere. Appellant, after obtaining an adverse ruling on his pre-trial motion to suppress, pled guilty with the understanding that he would be allowed to appeal the trial court's ruling on the motion to suppress, see *Isam v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979). Appellant also gave written notice to the trial court that the plea bargain arrangement did not waive his right to appeal. The defendant contended on appeal that "the trial judge erred in failing to suppress the audio portion of his DWI videotape where [he] was interrogated without counsel." The court of appeals agreed, and reversed and remanded the cause for a new trial. *Kraft v. State*, 762 S.W.2d at 613. This Court granted the State's petition for discretionary review to answer the State's contention that since the audio portion of the tape was exculpatory, it would not have sought to "use" that evidence against appellant in trial and thus, under our rationale in *McGlynn v. State*, 704 S.W.2d 18

(Tex.Cr.App.1982), the merits of the defendant's Fifth Amendment claim, preserved pursuant to former Art. 44.02, V.A.C.C.P. (see now Tex.R.App.Pro. 40(b)(1)), should not be addressed and the conviction based upon a plea of nolo contendere should be affirmed. In *McGlynn* we held that evidence subject to a pre-trial suppression hearing as contemplated by Art. 44.02, supra, must be of such a nature that it may be said it has "somehow been used" or the court need not entertain a point of error attacking the admissibility of that evidence. *McGlynn* at 613–614. In *Kraft* we went on to state however:

> In contesting appellant's motion to suppress and obtaining a ruling that the videotape was admissible in its entirety, the State preserved the option to "use" appellant's statement as part or all of its evidence going to establish a full-blown trial. This ruling undoubtedly contributed in some measure to the State's leverage in the plea bargaining process; the more relevant evidence appellant knows could be marshalled against him, the more preferable would appear his option to relinquish constitutional rights of trial and confrontation in exchange for a favorable punishment recommendation. Thus we may presume that at least to some extent the State has "used" the contested evidence to obtain appellant's plea.

*Kraft*, 762 S.W.2d at 614.

Although a misdemeanor, *Kraft*'s holding is pertinent to the case at hand. The emphasis in *Kraft* is that if the evidence appellant maintains should have been suppressed is instrumental in obtaining a conviction then the appellate court should review the merits of the motion on appeal.

> Just because other, unspecified evidence, not subject to a motion to suppress, might have been legally sufficient to support a verdict of guilt had the cause gone to trial, does not mean that the evidence appellant *did* seek to suppress could not have been, in his decision whether to put the State to its proof, the straw that broke the proverbial camel's back. It is for appellant, on advice of counsel, to determine on what quantum of evidence

to relinquish his rights and plead, and what quantum to take his chances at trial. For this Court now to speculate, in effect, that he would have pled *nolo contendere* regardless of whether he would thereby preserve his right to appeal the trial court's ruling on his motion to suppress, or worse, that he would have been convicted in any event in a trial, would encroach upon appellant's prerogative to assess the relative strength of his own case. Such encroachment could only frustrate the legislative purpose behind Art. 44.02, supra, which we endeavored to protect in *Isam*, namely: to encourage guilty pleas in cases such as this.

> We hold that so long as it may be concluded that particular evidence the accused maintains should have been suppressed pursuant to a motion raising the Fourth or Fifth Amendment violations would in any measure inculpate the accused, that evidence has been used against him in securing his misdemeanor conviction, and hence, the appellate court should entertain the merits of his appeal. Accordingly, in the instant cause we hold that the "fruits" of what the Court of Appeals found to be a violation of appellant's Fifth Amendment rights were indeed "somehow ... used" against him.

*Kraft*, 762 S.W.2d at 615.

Thus we rejected the State's invitation in *Kraft* to determine the extent to which the trial judge's ruling on the appellant's motion to suppress contributed to the State obtaining a conviction. We held that only if the complained of evidence has somehow been "used" in securing the defendant's conviction, then the appellate court should entertain the merits of his appeal.

*Kraft* and the case at hand materially differ only in the respect that one is a misdemeanor and one is a felony. Here, as in *Kraft*, after appellant's motion to suppress his confession was denied, he agreed to plead guilty (to the lesser included offense of sexual assault) with the understanding that he could appeal the trial court's ruling on his motion to suppress. As in *Kraft*, the State preserved the option to use the tainted evidence as part or all of

its evidence to establish the elements of the offense in a full blown trial. As the court of appeals notes in its opinion, after the hearing on the motion to suppress his confession, appellant stipulated to the evidence and consented to the introduction of offense reports, affidavits or statements by the victim and the victim's mother, and his extrajudicial confession. Thus the tainted evidence "contributed in some measure to the State's leverage in the plea bargaining process." *Kraft*, at 614.

The court of appeals, by relying on the *Johnson* decision, held that since appellant's guilty plea was supported by evidence independent of his judicial confession and challenged extrajudicial confession, any erroneous ruling on his motion to suppress is immaterial to the validity of the guilty plea. Under this Court's analysis in *Kraft*, as discussed *supra*, this conclusion is no longer correct. Appellant apparently only stipulated to this other evidence after his motion to suppress was denied, and the State then had this evidence to use against him at trial or to conduce him to plead guilty to a lesser offense, which is exactly what happened here. The ruling on the motion to suppress is in the same juxtaposition to appellant's decision to plead guilty as in *Kraft*, so it cannot be rationally stated that this ruling is immaterial to the validity of the guilty plea. Thus, under our rationale in *Kraft*, the court of appeals erred in not reviewing the merits of appellant's motion to suppress.

We find further support for our holding today in the policy behind former Art. 44.-02, V.A.C.C.P.; see now Rule 40(b)(1), supra. This policy encourages guilty pleas in cases where the only contested issue between the defendant and the State is a matter that may be raised by a pre-trial motion, such as voluntariness of a confession as in the case *sub judice*. See *Isam*, 582 S.W.2d 441. This is true in both felony and misdemeanor convictions. In a felony case, however, evidence other than just the plea is necessary to prove the elements of the alleged offense and sustain a conviction. See Art. 1.15, V.A.C.C.P. This policy encourages a practice by which once the defendant has received an adverse ruling

on the contested issue in his pre-trial motion, he is apt to plead guilty and accept a favorable recommendation from the prosecutor in exchange for his plea. Often as here, a part of the plea negotiation process in felony cases is the understanding then that other evidence will be introduced to sustain the judgment of conviction. Under the *Johnson* holding, this other, "independent" evidence, which supports the guilty plea (or plea of nolo contendere), forecloses appellate review of the merits of the defendant's pre-trial motion. See *Johnson*, 722 S.W.2d at 423–424. To allow this foreclosure of appellate review thwarts the purpose of former Art. 44.02 (Rule 40(b)(1), supra). Thus, in cases presenting factual scenarios like that before us, we can no longer adhere to our decision in *Johnson*, and to the extent it thus conflicts with our holding today, it is overruled.

We therefore reverse the judgment of the court of appeals and remand to that court for review consistent with this opinion.

WHITE, J., concurs in the result.

BERCHELMANN, Judge, dissenting.

I dissent. I believe this Court's opinion in *Johnson v. State*, 722 S.W.2d 417 (Tex. Cr.App.1986), provides the correct process of appellate review for cases in which a defendant pleads guilty or nolo contendere and appeals pursuant to an erroneous pre-trial ruling. Presiding Judge McCormick, writing for the majority therein, stated:

> if the guilty plea or plea of nolo contendere is supported by evidence as required by Art. 1.15 [Tex.Code Crim.Proc.Ann.], which is independent of the judicial confession and the tainted evidence, then any erroneous ruling on an appealable pretrial motion does not vitiate the conviction. *Id.*, 722 S.W.2d at 423–24.

*Johnson*, was not affected by nor even addressed in *Kraft v. State*, 762 S.W.2d 612 (Tex.Cr.App.1988), for *Kraft* dealt with a misdemeanor plea. I am not persuaded that *Kraft* should apply to felony convictions. The nature of the record is different in a felony plea conviction. Article 1.15

Tex.Code Crim.Proc.Ann. requires the State to produce evidence other than the mere plea to prove the elements of a felony offense. This distinction makes the review process different when dealing with pretrial rulings on guilty or nolo contendere pleas.

Furthermore, I simply do not agree that the rationale in *Johnson* "thwarts the purpose" of Art. 44.02 Tex.Code Crim.Proc. Ann. *McKenna*, majority op. at 800. Nor am I persuaded that Art. 44.02 supports the majority's decision to abandon *Johnson* for review of felony plea cases.

I would, therefore, overrule *Kraft* to the extent that it conflicts with *Johnson*. Because the majority does just the opposite, I respectfully dissent.