State=s Motion for Rehearing Overruled; Reversed and Remanded; Opinion
of November 28, 2006 Withdrawn and Substitute Majority and Concurring Opinions
filed August 30, 2007








 

State=s Motion for Rehearing Overruled; Reversed and
Remanded; Opinion of November 28, 2006 Withdrawn and Substitute Majority and
Concurring Opinions filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00098-CR

____________

 

ANGEL RESENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 960,399

 



 

C O N C U R R I N
G   O P I N I O N

I respectfully
concur in the court=s judgment.  








The majority
correctly reverses the trial court=s judgment because
the trial court erred in denying appellant=s motion to
suppress as to the part of appellant=s September 2,
2003 statement given after his admission that he shot the complainant.  The
majority correctly concludes that the trial court erred in taking judicial
notice of appellant=s prior testimony, given at the trial of
Esteban (ASteve@) Perez.  Nonetheless, this testimony,
even if considered, would not change this court=s stated
conclusion that the interrogation of appellant became custodial when probable
cause arose to arrest appellant and the law enforcement officers did not tell
appellant he was free to leave.








Regarding the
trial court=s taking judicial notice of appellant=s testimony at
Perez=s trial, the
majority correctly concludes that appellant preserved error as to his complaint
that this judicial notice was improper.           Presuming for the sake of
argument that the trial court acted properly in taking judicial notice or that
appellant failed to preserve his complaint in this regard, appellant=s testimony at
Perez=s trial would not
change this court=s analysis and conclusion.[1] 
Although appellant did testify at Perez=s trial that his
September 2, 2003 statement was freely and voluntarily given, the voluntariness
of a confession is an issue distinct from whether appellant was in custody so
as to require Miranda warnings.  See Edwards v. Arizona, 451
U.S. 477, 484, 101 S.Ct. 1880, 1884B85, 68 L.Ed.2d 378
(1981); Wilkerson v. State, 657 S.W.2d 784, 792 (Tex. Crim. App. 1983). 
Appellant also stated that, when he was making his September 2, 2003 statement,
the investigators did not at any time tell him that he did not have a right to
leave.  This testimony is consistent with the transcript reflecting appellant=s statement.  The
investigators did not tell appellant that he could not leave, and they did not
tell him that he was free to leave.  Appellant further testified that the
investigators showed him the exit door, offered him a drink, and offered him
the ability to go to the restroom when he wanted.  This testimony appears to
address what appellant claims the officers told him at the beginning of his
September 2, 2003 statement.  In any event, though the transcript of appellant=s statement does
not reflect that the officers made these statements, even if they did, these
statements would not change the outcome in this appeal.     In addition,
appellant also testified at Perez=s trial that he
was Anot being held
without [his] will@ and that he was not in custody at that
time; however, these statements describe the situation at the beginning of
appellant=s September 2, 2003 statement.  Again, these facts are
not contrary to the majority=s conclusion that the interrogation became
custodial later, when appellant stated that he was the first one to shoot the
complainant.  Appellant also stated his beliefs about whether he was free to
leave at any time;  however, appellant=s subjective
belief in this regard is not relevant to the custody determination.  See
Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).  In sum,
appellant=s prior testimony would not alter this court=s conclusion that,
when appellant stated on September 2, 2003, that he shot the complainant, this
manifestation of probable cause, combined with the other circumstances, would
lead a reasonable person to believe that he was under restraint to the degree
associated with an arrest.  See id. at 255.  

 

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Substitute Majority and Concurring Opinions filed August 30, 2007.

Panel consists of
Justices Anderson, Edelman, and Frost. (Anderson, J., substitute majority).

Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant agreed that his testimony at Perez=s trial would be admissible in a trial in this case. 
In that testimony, appellant described the material aspects of his September 2,
2003 statement.  Therefore, if there had been a trial and conviction in this
case, any error in admitting the September 2, 2003 statement  likely would have
been harmless.  However, as the majority correctly points out, under applicable
precedent, the inquiry in this case, in which appellant pleaded Aguilty,@ is
only whether the evidence that should have been suppressed would inculpate
appellant Ain any measure.@  See,
e.g., McKenna v. State, 780 S.W.2d 797, 799B800 (Tex. Crim. App. 1989).