

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0984-19

**THE STATE OF TEXAS, Appellant**

**v.**

**SEAN MICHAEL MCGUIRE, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### FORT BEND COUNTY

KEEL, J., filed a concurring opinion in which KELLER, P.J., and YEARY and SLAUGHTER, JJ., joined.

### CONCURRING OPINION

We granted review to decide whether exigency is needed to justify a warrantless arrest under Article 14.03(a)(1). Neither its text nor our caselaw imposes an exigency requirement, and we should say so. Since the lead opinion hedges on the issue, I respectfully concur only in its judgment.

As pertinent here, Article 14.03(a)(1) authorizes the warrantless arrest of "persons

found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony" or other enumerated offense. Tex. Code Crim. P. art. 14.03(a)(1). It makes no mention of exigent circumstances.

Other statutes governing warrantless arrests not only mention exigent circumstances but require them. Article 14.05 prohibits entry into a residence to make a warrantless arrest absent "exigent circumstances" or consent. Tex. Code Crim. P. art. 14.05. Article 14.03(a)(2) specifies a particular exigency—"probable cause to believe there is danger of further bodily injury" to a person who has already been assaulted. Tex. Code Crim. P. art. 14.03(a)(2). Article 14.04 specifies another exigency—a reported felon about to escape such that there is no time to get a warrant. Tex. Code Crim. P. art. 14.04. But the Legislature has never imposed an exigency requirement on Article 14.03(a)(1)—a significant omission.

This Court has never imposed an exigency requirement on Article 14.03(a)(1), either. Rather, we have cited exigency as one circumstance in the totality that must be analyzed to assess an arrest's validity under the statute. In *Gallups v. State*, for example, police were justified in arresting the defendant at his house because he walked there just after abandoning his wrecked car, and there was an exigent need to test his blood-alcohol level. 151 S.W.3d 196, 201–02 (Crim. App. 2004). In *Swain v. State*, the defendant's arrest at his workplace was justified because he admitted breaking into the missing victim's house, beating her, and leaving her in a remote location, and the police needed to prevent his flight and find the victim. 181 S.W.3d 359, 366–67 (Tex. Crim. App. 2005). Exigency was one circumstance in the totality that *Gallups* and *Swain* examined; it was

not a particular requirement.

*Dyar v. State* declined an invitation to impose an exigency requirement onto Article 14.03(a)(1) and instead embraced the longstanding totality-of-the-circumstances analysis. 125 S.W.3d at 468 (Tex. Crim. App. 2003). *Dyar* observed that the Legislature had never amended Article 14.03(a)(1) in response to earlier cases applying a totality of the circumstances test, so we presumed that the Legislature intended the same construction to continue to apply. *Id.*

*Dyar* applied a bifurcated test: (1) probable cause of guilt and (2) the defendant's location in a suspicious place. *Id.* The same facts that demonstrated Dyar's guilt also showed that the hospital where he was arrested was a suspicious place. *Id.* at 467–68. He had been identified as the driver in a recent DUI and had admitted to drinking and driving. *Id.* at 468.

Answering the suspicious-place question is a "highly fact-specific analysis." *Id.* Several factors have been examined to answer the question. *Id.* *Dyar* identified one "important" and "constant" factor in determining the suspiciousness of a place of arrest: temporal proximity between the crime and the arrest. *Id.* at 468. Another factor is physical proximity. In *Johnson v. State*, the defendant was arrested on probable cause at the scene of a murder within two hours of its commission; that was a suspicious place. 722 S.W.2d 417, 421 (Tex. Crim. App. 1986) (overruled on other grounds, *McKenna v. State* 780 S.W.2d 797 (Tex. Crim. App. 1989)).

In this case, the "suspicious place" requisite was fulfilled by probable cause to show Appellee's guilt of a felony and by temporal and physical proximity between the

crime and his arrest. He was found minutes after a car crash at a gas station a few hundred feet from the crash site. A motorcyclist was dead, and motorcycle parts were stuck in the grill of Appellee's truck. Appellee showed signs of intoxication, he had beer in his truck, he admitted he hit something, and his passenger said he hit a person. His warrantless arrest was justified under Article 14.03(a)(1) notwithstanding any exigency, and the court of appeals erred in upholding the trial court's order suppressing evidence obtained as a result of Appellee's arrest.

Accordingly, I concur in the Court's decision to reverse the lower court's judgment.

Filed: February 21, 2024

Publish